UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Civil Action No.<br>:   3:01 CV 1434 (CFD) |
| NORTHEAST UTILITIES SYSTEMS<br>COMPANY, ET AL.,<br>    Defendants, | :<br>:<br>:<br>: |
| RONALD F. CERUTI, Administrator of<br>the Estate of Gary J. Ceruti, ET AL.,<br>    Defendants-Intervenors. | :<br>:<br>: |

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Shirley Bishop ("Bishop"), claims that she is entitled to the 401K, group life insurance, and accidental death and dismemberment proceeds from Gary Ceruti's employee benefits plan, which is regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.. Gary Ceruti died on December 18, 2000. Bishop alleges that at the time of his death, he was at work as an employee of The Connecticut Light and Power Company and was the insured/participant in the following: (1) A group life insurance plan with the defendant Liberty Life Assurance Company of Boston; (2) an accidental death and dismemberment policy with the defendant Hartford Life Insurance Company; and (3) a 401K plan provided by his employer and administered by the defendant Northeast Utilities Service Company. Bishop further alleges that she is the named beneficiary for those insurance policies and 401K plan. Bishop has filed a motion for summary judgment [Doc. #85].

In the context of a motion for summary judgment, the burden is on the moving party to

establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted). In ruling on a motion for summary judgment, however, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.1 992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

The Court concludes that genuine issues of material fact exist as to whether Bishop is the rightful beneficiary of Gary Ceruti's life insurance policies and 401K plan. Specifically, genuine issues of material fact exist including (1) whether the original beneficiary form designating Shirley Ceruti as Gary Ceruti's beneficiary is effective; (2) whether those rights were contingent on her being Gary Ceruti's wife and bearing his name at the time of death; (3) whether the Judgment and terms of the divorce agreement constitute a valid waiver of interest; and (4) whether the executed Change in Family Status form served as a beneficiary designation. The Court also concludes that genuine issues of material fact exist as to Gary Ceruti's intent relating to these matters.

Accordingly, the plaintiff's motion for summary judgment [Doc. #85] is DENIED.

SO ORDERED this 24th day of March 2004, at Hartford, Connecticut.

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**