UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP<br>Plaintiff, | :<br>:<br>: |
| v. | :<br>:<br>: |
| NORTHEAST UTILITIES SYSTEM<br>COMPANY; | : CIV. NO. 3:01CV 1434 (CFD)<br>: |
| LIBERTY LIFE ASSURANCE COMPANY<br>OF BOSTON; | :<br>:<br>: |
| THE HARTFORD INSURANCE COMPANY<br>Defendants, | :<br>:<br>: |
| RONALD F. CERUTI, ADMINISTRATOR<br>OF THE ESTATE OF GARY J. CERUTI,<br>AND RONALD F. CERUTI AND ROBIN<br>SIMCKAK, NEXT OF KIN OF GARY J.<br>CERUTI | :<br>:<br>:<br>:<br>: |
| Defendants-Intervenors | : MAY 25, 2004 |

**<u>TRIAL MANANGEMENT MEMORANDUM</u>**
**<u>OF THE DEFENDANT INTERVENORS</u>**

**INTRODUCTION**

       The defendant-intervenors, Ronald F. Ceruti, Administrator of the

Estate of Gary J. Ceruti, and Ronald F. Ceruti and Robin Simckak, Next of Kin

of Gary J. Ceruti, respectfully submit the following trial memorandum. In submitting this individual memorandum - as opposed to a joint memorandum - the defendant intervenors represent that they received and reviewed a proposed draft joint trial memorandum from the plaintiff, but that the draft omitted numerous sections required by the Local Rules and the Standing Order on Trial Memoranda. Certain sections were deficient in other areas. Counsel for the defendant intervenors advised plaintiff's counsel of these issues and attempted to discuss them with him. Having received no response, the defendant intervenors were compelled to submit the following memorandum unilaterally.

**1. TRIAL COUNSEL:**

    Plaintiff
    Shirley Bishop

        Bruce A. Chaplin, Esq.
        208 Main Street
        Durham, CT 06422

Defendant
Northeast Utilities Service Company

>   Duncan Ross Mackay, Esq.
>   Northeast Utility System
>   Legal Department
>   P.O. Box 270
>   Hartford, CT 06141

Defendant-Intervenors
Ronald F. Ceruti, Administrator of the Estate of Gary Ceruti, and Ronald Ceruti and Robin F. Simckak as next of kin to Gary Ceruti

>   Kevin C. Shea
>   Clendenen & Shea, L.L.C.
>   P.O. Box 301
>   400 Orange Street
>   New Haven, Connecticut   06502
>   203/787-1183

## 2. JURISDICTION

   A. Subject Matter Jurisdiction

   This Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §1367, 29 U.S.C. § 1132, and 29 U.S.C. §1332 (e)(1) insofar as the benefits in question were part of an ERISA plan administered by the defendant, Northeast Utilities Service Company.

   B. Personal Jurisdiction
   The defendants do not dispute that the Court has personal jurisdiction over them.

### 3. JURY/NON-JURY

The case is a Non-jury case.

### 4. NATURE OF THE CASE

This case involves disputed claims over entitlement to various benefits arising under a 401K plan, group life insurance policy and accidental death and dismemberment policy maintained by decedent Gary Ceruti, who died on December 18, 2000.

In addition to their affirmative defenses, the Defendant/Intervenors raise the separate counterclaims:

Count One : Plaintiff is bound by the terms of the divorce decree and the agreements incorporated therein which she entered into with Gary Ceruti. These agreements preclude her from making any claim to the pension, retirement and/or death benefits claimed in this matter. Plaintiff's claims to Gary J. Ceruti's retirement and pension benefits, including his 401K plan and his insurance policies that were part of his employee benefits, and which form the basis of her claims in this lawsuit, constitute a breach of contract, and the Estate and Ceruti Siblings have been damaged thereby.

Count Two Plaintiff negligently misrepresented her intent to be bound by the terms of the divorce decree and to forego any claim to Gary Ceruti's benefits.

Count Three: The plaintiff negligently failed to disclose material facts about the Agreements and her promises to forgo any claims to any of his employee benefits, including his 401K plan and insurance policies

Count Four: To induce Gary J. Ceruti to act in reliance thereon, the plaintiff recklessly or knowingly failed to disclose material facts about the

4

Agreements and her promises to forgo any claims to any of his employee benefits, including his 401K plan and insurance policies

Count Five: To the extent that plaintiff is found to be entitled to any part of Gary J. Ceruti's employee benefits, including his 401K plan and the proceeds of his insurance policies, NUSCO has violated its duties under ERISA and has breached its fiduciary duties to Gary J. Ceruti by, inter alia: Failing to give Gary J. Ceruti proper advice and information in connection with the designation of beneficiary for his employee benefits and changes thereto; failing to administer the plan in accordance with the documents and instruments governing the plan; failing to direct that payment of his 401K plan and the proceeds of his group life insurance policy and Accidental Death & Dismemberment policy be paid to the Estate or the Ceruti Siblings; misleading Gary J. Ceruti in this regard; and/or losing the forms Gary J. Ceruti completed to change his designation of beneficiary. Defendant Intervenors have been damaged.

Count Six: To the extent that plaintiff is found to be entitled to any part of Gary J. Ceruti's employee benefits, including his 401K plan and the proceeds of his insurance policies, NUSCO, through the conduct and statements of its agents, employees, representatives and counsel, made certain false and untrue statements and representations to Gary J. Ceruti in connection with his employee benefits and designation of beneficiary. Defendant Intervenors have been damaged.

Count Seven: To the extent that plaintiff is found to be entitled to any part of Gary J. Ceruti's employee benefits, including his 401K plan and the proceeds of his insurance policies, NUSCO negligently misstated and/or misrepresented material facts about Gary J. Ceruti's employee benefits and the manner in which he should change the designation of beneficiary

Count Eight: Despite notice of the death of Gary J. Ceruti and the Estate's and Ceruti Siblings' demand for payment of the 401K plan and the

proceeds of his group life insurance policy and Accidental Death & Dismemberment policy, defendants NUSCO, Liberty Life Assurance Company of Boston and Hartford Life Insurance Company, respectively, have failed to pay the Estate the proceeds of thereof. The defendant intervenors have been damaged by the jeopardy and potential loss of said benefits.

Prayer for Relief: Defendant Intervenors seek payment of the proceeds of Gary J. Ceruti's 401K plan, group life insurance policy and Accidental Death and Dismemberment policy, plus interest, or comparable money damages, plus fees and costs

## 5. Defendant/Intervenors Proposed Stipulations of Facts and Law

A. Gary J. Ceruti, a resident of Meriden, Connecticut, Social Security # 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, died on December 18, 2000 as a result of being electrocuted while working for Connecticut Light and Power Company.

B. Gary J. Ceruti was the insured/a participant in a group life insurance plan with the defendant Liberty Life Assurance Company of Boston, which policy had a triple indemnity component to the policy for accidental death.

C. Gary J. Ceruti was the insured/a participant in an Accidental Death and Dismemberment Policy with the defendant Hartford Life Insurance Company, bearing policy no. 02-ADD-003096.

D. Gary J. Ceruti was the insured/a participant in a 401K plan provided by his employer Connecticut Light and Power Company and administered by the defendant, Northeast Utilities Service Company.

E. In 1996, the plaintiff and Gary J. Ceruti began divorce proceedings to end their marriage.

  F. As part of their divorce, the plaintiff and Gary J. Ceruti entered into Agreements regarding, among other things, the disposition of their property.

  G. The plaintiff and Gary J. Ceruti had no children together.

  H. Ronald F. Ceruti is the administrator of the Estate of Gary J. Ceruti.

  I. Ronald F. Ceruti and Robin F. Simckak are the next of kin of Gary J. Ceruti.

  J. Defendant Northeast Utilities Service Company has not paid benefits from the 401K plan to the Estate of Gary J. Ceruti and/or to Ronald F. Ceruti and Robin F. Simckak.

  K. Defendant Liberty Life Assurance Company of Boston has not paid benefits from Gary Ceruti's group life insurance policy to the Estate of Gary J. Ceruti and/or to Ronald F. Ceruti and Robin F. Simckak.

**7. Defendant-Intervenor's Factual Contentions:**

  Ronald F. Ceruti, Administrator of the Estate of Gary Ceruti, and Ronald Ceruti and Robin F. Simckak as next of kin to Gary Ceruti, have intervened in the case.  The defendant intervenors deny plaintiff's claims.  It is their claim that, under the terms of the September 3, 1996 Judgment of divorce—a valid and binding judgment of a Connecticut State court—the plaintiff released and relinquished to Gary J. Ceruti and to his heirs , executors, administrators and assigns any and all claims or rights which existed at the time of dissolution or that might arise thereafter by reason of the marriage between the plaintiff and Gary J. Ceruti with respect to any property, whether real, personal or mixed, belonging to Gary J. Ceruti.   The defendants-intervenors assert that said benefits are the property of the decedent's estate.

As a result of his employer's forms he executed in March 1997, the decedent was led to believe that he had done everything he needed to do in order to change his designation of beneficiary.

As of at least 1996—at least four years before Gary Ceruti's death—Gary Ceruti's employer and plan administrator changed the ERISA plan such that a designation of the beneficiary card would no longer be valid unless such card is signed by a witness other than the named beneficiary or family member. The designation of beneficiary on which plaintiff relies was not signed by a witness.

**8.     Legal Issues re: Defendant-Intervenors**

Whether the judgment of divorce between the plaintiff and the decedent, Gary Ceruti, precludes plaintiff's claim that she is entitled to the death benefit of the insurance policies and 401K plan at issue in this matter. See Judgment in Divorce Action between Gary J. Ceruti and Plaintiff, September 3, 1996

Whether by operation of the judgment of divorce between the plaintiff and the decedent, Gary Ceruti, a binding and enforceable judgment of a Connecticut Superior Court, the death benefits and 401K plan are the property of Gary J. Ceruti (or now, his Estate and/or Siblings). See Judgment in Divorce Action between Gary J. Ceruti and Plaintiff, September 3, 1996

Whether ERISA pre-empts the terms set forth in the judgment of divorce between plaintiff and decedent Gary Ceruti. (Preemption does not occur if the state law has only a "tenuous, remote, or peripheral" connection with covered plans. 29 U.S.C. §1144(a) (ERISA); See, e.g., American Airlines v. Wolens, 513 U.S. 219, 224 (1995) (citing Morales v. Trans World Airlines, 504 U.S. 374, 390 (1992)). Courts have held in some cases that breach of contract cases are not preempted by ERISA. See, e.g., Thrift Drug v. Universal Prescription Adm'rs, 131 F.3d 95, 98 (2d Cir. 1997).

Whether plaintiff contravened the promises she made in the agreements

8

that form part of the judgment and whether said contravention constitutes a breach of her agreements with Gary J. Ceruti.

Whether the plaintiff, in entering into the agreements that form the divorce decree, made misrepresentations and nondisclosures on which Gary J. Ceruti reasonably and detrimentally relied.

Whether the plaintiff waived her rights to the assets she seeks in this action, and/or whether she is estopped from obtaining them. See Judgment in Divorce Action between Gary J. Ceruti and Plaintiff, September 3, 1996. (Collateral estoppel or issue preclusion promotes judicial economy by "preventing the re-litigation of issues or claims previously resolved." Scalzo v. City of Danbury, 224 Conn. 124, 127 (1992).

Whether plaintiff is barred from claiming decedent Gary J. Ceruti's Pension, Retirement and Death Benefits by operation of the doctrine of *Res Judicata*. ("The general rule is that a final consent decree is entitled to res judicata effect." Amalgamated Sugar Co. v. NL Industries, Inc., 825 F.2d 634, 639 (2d Cir. 1987); Wallace Clark & Co. v. Acheson Industries, 532 F.2d 846, 848 (2d Cir. 1976) (citing United States v. Southern Ute Indians, 402 U.S. 159 (1971)). This is so because the entry of a consent judgment is an exercise of judicial power. Pope v. United States, 323 U.S. 1 (1944).

Whether the designation of beneficiary upon which plaintiff purports to rely is ineffective as a matter of law.

Whether the executed Change in Family Status and/or HMO Change Application forms served as a beneficiary designation.

Whether the plaintiff's alleged designation as beneficiary is invalid because it is not signed by a witness as required under ERISA and/or the ERISA plan or policies of Gary J. Ceruti's employer and/or Northeast Utilities Service Company.

Whether the rights of the plaintiff under the designation of beneficiary, if any, were contingent on her being Gary Ceruti's wife and bearing his name at the time of death.

Whether there was a breach of the fiduciary duty owed by the plan administrator to decedent Gary J. Ceruti insofar as the administrator gave Gary Ceruti the impression that his wishes that Plaintiff be excluded as a beneficiary had been complied with; and whether Gary Ceruti therefore took some substantial action to change his beneficiary. See Aetna Life Ins. Co. v. Hartford National Bank & Trust Co., 146 Conn. 537, 541 (1959); O'Connell v. Brady, 136 Conn. 475 (1950).

## 10. Defendant-Intervenors' List of Witnesses

The defendant-intervenors expect to call the following witnesses at trial:

**Ronald F. Ceruti, Administrator**
**c/o Clendenen& Shea, LLC**
**400 Orange Street**
**New Haven, CT 06511**

As administrator of the Estate of Gary J. Ceruti, Ronald F. Ceruti is expected to testify, in his capacity as administrator, that in 1996, decedent Gary J. Ceruti and Plaintiff divorced. In the resulting settlement agreement, Gary J. Ceruti and Plaintiff agreed as follows: "The defendant shall retain all retirement and pension benefits and the plaintiff waives any and all claims to same. The plaintiff shall retain all retirement and pension benefits and the defendant waives any and all claims to the same." He will testify that both parties granted possession of benefits to the other, but also relinquished any interest in the same. With respect to pension and retirement benefits, for example, Plaintiff granted to Gary J. Ceruti possession ("The plaintiff shall retain all retirement and pension benefits..." Agreement, August 8, 1996 between Gary J. Ceruti and Shirley H. Ceruti). With respect to pension and

retirement benefits, Plaintiff also promised restraint with respect to such benefits—Plaintiff signed an agreement to refrain from taking any action whatsoever to share or take Gary J. Ceruti's pension and retirement benefits ("...and the defendant waives any and all claims to same." Agreement, August 8, 1996 between Gary J. Ceruti and Shirley H. Ceruti.") Death benefits were not explicitly covered in the settlement agreement, as Plaintiff herself admits.

Ronald Ceruti, as Administrator will also testify that on March 17, 1997 Gary Ceruti executed both a Health Maintenance Change Application at work and a Change in Family Status form. On the Health Maintenance Change Application, Gary Ceruti wrote the plaintiff's name and the word "cancel". On the Change in Status Form, Gary Ceruti checked the box that said "divorce", and in the section labeled "Add or delete dependents in this section", he checked the "delete" box and wrote the plaintiff's name next to it.

**Ronald F. Ceruti**
**c/o Clendenen& Shea, LLC**
**400 Orange Street**
**New Haven, CT 06511**

Ronald F. Ceruti will testify to facts establishing his position as next of kin to Gary Ceruti, and to facts supporting his claim to the pension, death and retirement benefits of Gary Ceruti.

He will testify that he and Gary Ceruti discussed the change of beneficiary on numerous occasions after his divorce and that Gary told him that he had removed the plaintiff from all of his benefits at work.

Ronald Ceruti will testify as to one such discussion occurring in the office of Attorney Joseph Galotti, Jr. in Attorney Joseph Galotti's presence. During that discussion, Gary Ceruti affirmed that he had removed Shirley (the plaintiff) from all his benefits. Also, Ronald Ceruti will testify that on March 17, 1997 Gary executed both a Health Maintenance Change Application

11

at work and a Change in Family Status form. On the Health Maintenance Change Application, Gary Ceruti wrote Shirley's name and the word "cancel". On the Change in Status Form, Gary Ceruti checked the box that said "divorce", and in the section labeled "Add or delete dependents in this section", Gary checked the "delete" box and wrote Shirley's name next to it.

Ronald Ceruti will testify that Gary Ceruti told him that he had made these changes, and that as a result all of his benefits, including his death benefits would go to his next of kin if he died. Consistent with this, Ronald Ceruti will testify that Gary had a $10,000 life insurance policy through the International Brotherhood of Electrical Workers which was distributed to Ronald and his sister, as Gary Ceruti had wanted.

**Robin F. Simckak**
**c/o Clendenen & Shea, LLC**
**400 Orange Street**
**New Haven, CT 06511**

Robin F. Simckak will testify to facts establishing her position as next of kin to Gary Ceruti, and to facts supporting her claim to the pension, death and retirement benefits of Gary Ceruti.

**Michael Ciaski**
**Susan and Dennis McAllister**
**David Chordas**
**Thomas Hepton**

These fact witnesses were/are employees of CL&P/NU and would be expected to testify as to difficulties similar to those encountered by Gary Ceruti that they encountered in assigning or changing beneficiaries on various plans and policies administered.

The defendant-intervenors also reserve the right to call as witnesses any

witnesses identified by the plaintiff and/or defendant NUSCO in this joint trial management memorandum.

**Objections to Plaintiff's Witnesses**

A. <u>Objection re: Expert Witness Elizabeth McMahon</u>

Defendant intervenors have filed with this memorandum their Motion in Limine, which sets forth in detail their objection to the proposed expert testimony of Elizabeth McMahon. To summarize, the defendant intervenors object to the plaintiff's proposed expert, Elizabeth McMahon, Esq. on the grounds that she does not qualify as an expert under Fed.R.Evid. 702. Her proposed testimony improperly attempts to divine the intent of plaintiff and the decedent, when it is clear that Attorney McMahon has no independent, objective knowledge of such intent. In addition, the proferred expert testimony is factual in nature and purports to render legal conclusions about the effect of various documents. In both instances, such testimony is improper because it is within the sole province of the Court to make findings of fact and conclusions of law.

B. <u>Objection re: Jean LaVecchia and Nancy DeMauro</u>

The defendant intervenors object to the proposed testimony of Jean LaVecchia and Nancy DeMauro to the extent Ms. LaVecchia and Ms. DeMauro appear to lack personal, independent knowledge of Gary Ceruti's actions and intent, and would therefore base their testimony on speculation or hearsay. Defendant Intervenors further reserve the right to object to their testimony on the grounds of relevance. Finally, defendant intervenors further object to the extent the witnesses would testify to the contents of the documents where the documents speak for themselves.

### C. Objection re: Linda Stalk and James A. Sherman

The defendant intervenors object to the proposed testimony of Linda Stalk and James A. Sherman insofar as the plaintiff has failed to set forth what their proposed testimony would be. The Standing Orders require a description of the anticipated testimony. Plaintiff has not provided this for Ms. Stalk and Mr. Sherman. Defendant intervenors therefore reserve their rights to object to the testimony of these witnesses on any grounds, including admissibility, relevancy, lack of foundation and hearsay.

### D. Objection re: Shirley Bishop

The defendant intervenors object to the proposed testimony by Shirley Bishop on the grounds of relevance and lack of foundation to the extent that she seeks to testify about her understanding of the rights regarding designation of beneficiary.

## 11. Exhibits

Defendant/Intervenors Ex. 1:
The September 3, 1996 Judgment of Divorce entered by the Court (Gaffney, J.) which incorporates by reference four (4) Agreements entered into by plaintiff and Gary J. Ceruti and dated August 8, 1996, August 8, 1996, August 21, 1996 and August 21, 1996.

Defendant/Intervenors Exhibit 2:
The ITT Hartford Affidavit of Beneficiary signed and attested to by Shirley Bishop on January 16, 2001.

Defendant/Intervenors Exhibit 3:
The February 21, 2001 letter from Bruce A. Chaplin, Esq., counsel for Shirley Bishop, to August DeFrance of Northeast Utilities Systems

Defendant/Intervenors Exhibit 4:
Beneficiary Card (Rev. 11-96)

Defendant/Intervenors Exhibit 5:
The two-sided Memo from Lori Staats - Senior Benefits Analyst, Benefits Section of Northeast Utilities, Subject: Beneficiary Information Update, with the enclosed Life Insurance Beneficiary Card.

Defendant/Intervenors Exhibit 6:
NUSCO Employee handbook for Gary Ceruti.

Defendant/Intervenors Exhibit 7:
Health Maintenance Change Application.

Defendant/Intervenors Exhibit 8:
Change in Family Status Form.

**12.  Deposition testimony**

None anticipated at this time.

**14.  Anticipated Evidentiary Problems**

Defendant/Intervenors have filed the attached motion in limine with respect to the plaintiff's proposed expert, Elizabeth McMahon, Esq.

**16.  Trial Time:**

Four to six days.

**17.  Further proceedings:**

Ruling on plaintiff's motion in limine re: Elizabeth McMahon, Esq., plaintiff's proposed expert.

15

**18.** **Election for Trial by Magistrate:**
Unable to determine the position of opposing parties.

DATED:     May 25, 2004

RESPECTFULLY SUBMITTED,

DEFENDANTS-INTERVENORS, RONALD F. CERUTI, ADMINISTRATOR OF THE ESTATE OF GARY J. CERUTI AND RONALD F. CERUTI AND ROBIN F. SIMCKAK, NEXT OF KIN TO GARY CERUTI

By_____
William H. Clendenen, Jr. (#ct04261)
Kevin C. Shea (#ct13781)
Clendenen & Shea, LLC
P.O. Box 301
New Haven, Connecticut  06502
Telephone:   (203) 787-1183
Facsimile:    (203) 787-2847
E-mail:        office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid to:

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT  06422

Alicia Davenport, Esq.
Northeast Utility Systems
107 Selden Street
Berlin, CT 06037

Duncan Ross Mackay, Esq.
Northeast Utility System
Legal Dept.
PO Box 270
Hartford, CT 06141

on the 25th day of May 2004.

_____
CLENDENEN & SHEA, LLC