FILED

UNITED STATES DISTRICT COURT  2004 JUN 21 A II: II
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| SHIRLEY BISHOP | : | |
|    Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:01CV 1434 (CFD) |
| VS. | : | |
| | : | |
| NORTHEAST UTILITIES SERVICE | : | |
| COMPANY,  ET AL | : | |
|    Defendants | : | |
| | : | |
| RONALD F. CERUTI, Administrator of | : | |
| the Estate of Gary J. Ceruti, et al | : | |
|    Defendants-Intervenors | : | JUNE 18, 2004 |

## OBJECTION TO MOTION TO PRECLUDE TESTIMONY
## OF ATTORNEY ELIZABETH MCMAHON

The plaintiff disclosed Elizabeth McMahon as an expert witness on or about March 19,

2002. On or about April 17, 2002 the plaintiff provided the report of this expert. This report is

attached to this objection as Exhibit A. This report was signed by the expert witness. The plaintiff

complied with the Fed. R. Civ. P. Rule 26(2). This report clearly states the opinions to be

expressed by the expert and the basis and reasons behind these opinions. It also states that the

expert has reviewed all of the divorce agreements relevant to this case. Further it states her

qualifications and that she has testified in the past.

In it's ruling on the plaintiff's Motion for Summary Judgment, the court states that one of

the issues of fact  is "whether the Judgment and terms of the divorce agreement constitute a valid

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

waiver of interest." The expert's opinion addresses this issue and the customs and practices in the cases of divorce in Connecticut.

Any ruling on the Intervenor's Motion to Prelude her testimony is premature at this time for the following reasons:

The court may still rule as a matter of law that the divorce agreements do not mention or consider whether Gary Ceruti can or cannot name a death beneficiary. Since the agreements do not contemplate this issue and there is no ambiguity on this issue, then the expert testimony is not needed.

The plaintiff and defendant have different interpretations of the meanings or lack of meaning of the phrases in the divorce agreements. Based upon the Intervenor's special defenses and counter claims there is apparent ambiguity.

The plaintiff argued in her Motion for Summary Judgment that there was no ambiguity. Namely, that the divorce agreements waived nothing relevant to the plaintiff being named as a death beneficiary. The court has apparently ruled that this is a question of fact. The court has apparently ruled that this contract has "two or more possible meanings." C.F. Ballato v. Board of Education 33 Conn. App 78 (1993); US Fire Ins. Co. v. General Reinsurance Corp. 949 F2d 569, 571-572 (2nd Cir. 1991). Therefore, estrinsic evidence may resolve the question of the parties' intent.

The plaintiff seeks to " admit exigent evidence to interpret ambiguous provisions of contracts." Travelers Indemnity Co. v. Scor Reinsurance Co. 62 F3d 74, 78 (2nd Cir. 1995). The expert testimony here will be offered to explain industry custom and practice in the area of divorces in Connecticut. "Parties may offer evidence of custom or practice to interpret the

meaning of a term used in a contract." <u>Gelb. v. Automobile Insurance Co</u>. 168 F2d 774, 775 (2d Cir. 1948).

THE PLAINTIFF

BY

Bruce A. Chaplin
208 Main Street
Durham CT 06422
860-349-0528
Fed. Bar ct 05675

## <u>ORDER</u>

The foregoing Motion, having been duly heard, it is hereby

ORDERED:

**SUSTAINED//OVERRULED**

**BY THE COURT**

_____

Judge/Assistant Clerk

*Ex A*

## ELIZABETH LORION MCMAHON
### ATTORNEY AT LAW

201 SOUTH MONTOWESE  SUITE 5
BRANFORD, CONNECTICUT  06405
TELEPHONE 203/483-1104
FAX 203/483-0897

Elizabeth L. McMahon, Attorney
Report of Expert

I am an attorney licensed to practice law in Connecticut.  I graduated from Georgetown University Law Center in 1986, and have practiced law in Connecticut since 1988. I specialize in divorce law, particularly in the preparation of Qualified Domestic Relations Orders.  I am familiar with the usage and meaning of terms as they are used in and apply to divorce judgments and agreements, and, specifically, as they apply to agreements regarding retirement benefits, pension benefits, insurance policies/benefits and the estate of parties to a divorce.   I have testified as an expert witness in State of Connecticut Superior Courts on the subject of interpretation of divorce decrees relative to the property rights in retirement plans, and regarding Qualified Domestic Relations Orders.

I have reviewed a divorce judgment and related documents in a divorce between Gary J. Ceruti and Shirley H. Ceruti.  Namely, a Judgment dated September 3, 1996 and an Agreement dated August 8, 1996, an Agreement regarding Personal Property dated August 8, 1996, a Hold Harmless Agreement dated August 21, 1996 and an Agreement regarding Medical Insurance dated August 21, 1996.

The issues in my review revolved around whether the above judgment and agreements make any reference to Shirley Ceruti/Bishop's waiving or relinquishing any right to be named as beneficiary or in any way limiting Gary Ceruti's right to select or continue to select any beneficiary.

It is my opinion as follows:

The terms of divorce in reference to retirement or pension benefits provided that each party waived their marital rights to the other's retirement plans. That waiver meant that each party was free to do with his/her retirement benefits as he/she wished, without interference or claim by the other. It did not require that either party name the other as a death beneficiary of the plan, nor did it prevent either party from doing so.

Beneficiary rights in qualified pension plans, such as the 401(k) in question, are conferred, by law, to the spouse of the worker.  For example, a married worker could not name a death beneficiary other than his spouse without a spousal waiver. 29 USC 1055, Subchapter I, Subtitle B, part 2 (c)(2)(A)(i). This restriction does not apply to an unmarried worker, since there is no spouse to protect. Therefore, the unmarried worker could name anybody as his beneficiary.

The plaintiff's waiver of any interest in Mr. Ceruti's property or estate does not mean that Mr. Ceruti could not name her as his death beneficiary, nor does it mean that she is estopped from receiving the death benefit as his named beneficiary.  Rather, it means that, after the

04/15/2002  17:17    1-203-483-0897         ELIZBETH MCMAHON                    PAGE   03

divorce was entered,  the plaintiff could not have prevented the decedent from changing the beneficiary designation.

The fact that plaintiff could have had a trial on the issue of being named irrevocable beneficiary on the retirement or insurance policies is irrelevant, since the status of beneficiary was not something that the plaintiff sought as part of the divorce. It is a status that the decedent freely conferred on her, and could have changed at any time prior to his death.

Plaintiff is not claiming a spousal interest in retirement or pension benefits. The subject claim is to the death benefits the decedent chose to leave to her, unrelated to the property division set forth in the divorce.

April 15, 2002