UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN 21  A 11: 12
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| SHIRLEY BISHOP<br>    Plaintiff | : |
| VS. | : CIVIL ACTION NO.<br>: 3:01CV 1434 (CFD) |
| NORTHEAST UTILITIES SERVICE<br>COMPANY, ET AL<br>    Defendants | : |
| RONALD F. CERUTI, Administrator of<br>the Estate of Gary J. Ceruti, et al<br>    Defendants-Intervenors | : JUNE 18, 2004 |

## SECOND MOTION TO AMEND

The plaintiff hereby makes this Motion to Amend her complaint dated September 11, 2001 as follows:

The present complaint has a paragraph 11 which reads "This court has jurisdiction of this matter under 29 U.S.C. Sec. 1132 (a) (1)(B) and 29 U.S.C. Sec. 1332 (e) (1). by virtue of the fact that the above mentioned benefits were part of an ERISA plan administered by the defendant NUSCO."

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

This paragraph should be paragraph 5 of the complaint as it applies to the three employee benefits. The complaint should be amended and renumbered as appears in the attached Second Amended Complaint.

THE PLAINTIFF

BY _____
Bruce A. Chaplin
208 Main Street
Durham CT 06422
860/349-0528
Fed bar ct 05675

## ORDER

The foregoing Motion, having been duly heard, it is hereby

ORDERED:                    **GRANTED//DENIED**

BY THE COURT

_____
Judge/Assistant Clerk

## CERTIFICATION

I, Bruce A. Chaplin, hereby certify that a copy of the foregoing was mailed, postage prepaid on this the 18 day of June 2004 to:

Duncan MacKay, Esq.
Angela Louise Ruggiero, Esq.
Northeast Utilities System Co
Legal Dept
PO Box 270
Hartford CT 06141-0270

Kevin C. Shea, Esq.
Clendenen & Shea, LLC
400 Orange Street
PO Box 301
New Haven CT 06502

_____
Bruce A. Chaplin

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHIRLEY BISHOP**<br>    Plaintiff | :<br>:  CIVIL ACTION NO.<br>:  3:01CV 1434 (CFD) |
| VS. | : |
| **NORTHEAST UTILITIES SERVICE COMPANY, ET AL**<br>    Defendants | :<br>:<br>: |
| **RONALD F. CERUTI, Administrator of the Estate of Gary J. Ceruti, et al**<br>    Defendants-Intervenors | :<br>:<br>:  JUNE 18, 2004 |

## BRIEF: RE: SECOND AMENDED COMPLAINT

Federal Rules of Civil Procedure 15(a) states that leave to amend shall be freely given when justice so requires. Paragraph 11 of the present complaint is jurisdictional and applies to all three counts. The amended complaint makes no real charges. There has never been any confusion about this, as a reading of the parties' Motions and Objections to Summary Judgment will attest.

It has always been claimed that the three benefits in question are employee benefits subject to Federal ERISA statutes.

This amendment is only to make that more clear.

THE PLAINTIFF

BY _____
Bruce A. Chaplin
208 Main Street
Durham CT 06422
860/349-0528
Fed bar ct 05675

## CERTIFICATION

I, Bruce A. Chaplin, hereby certify that a copy of the foregoing was mailed, postage prepaid on this the ⟨⟩ day of June 2004 to:

Duncan MacKay, Esq.
Angela Louise Ruggiero, Esq.
Northeast Utilities System Co
Legal Dept
PO Box 270
Hartford CT 06141-0270

Kevin C. Shea, Esq.
Clendenen & Shea, LLC
400 Orange Street
PO Box 301
New Haven CT 06502

Bruce A. Chaplin

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP<br>    Plaintiff | :<br>:   CIVIL ACTION NO.<br>:   3:01CV 1434 (CFD) |
| VS. | : |
| NORTHEAST UTILITIES SERVICE<br>COMPANY, ET AL<br>    Defendants | :<br>:<br>: |
| RONALD F. CERUTI, Administrator of<br>the Estate of Gary J. Ceruti, et al<br>    Defendants-Intervenors | :<br>:<br>:   JUNE 18, 2004 |

## SECOND AMENDED COMPLAINT

1. The plaintiff, Shirley Bishop also known as Shirley Ceruti is a resident of Meriden Connecticut and is the "named beneficiary" in the following insurance policies and the "named beneficiary" with respect to a 401K plan.

2. Gary J. Ceruti, a resident of Meriden, Connecticut, SS#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, died on December 18, 2000, as a result of being electrocuted, while working for Connecticut Light and Power Company, and at the time of his death was the insured/participant in the following :

    A. A group life insurance plan with the defendant Liberty Life Assurance Company of Boston, which policy had a triple indemnity component to the policy for accidental death.

    B. An Accidental Death and Dismemberment Policy with the defendant Hartford Life Insurance Company.

    C. A 401K plan provided by his employer Connecticut Light and Power

Company and administered by the defendant Northeast Utilities Service Company (NUSCO).

3. At the time of his death, the above mentioned 401K plan and insurance policies were employee benefits administered by the defendant, Northeast Utilities Service Company.

4. At all times mentioned herein, the defendant Northeast Utilities Service Company operated a business in the State of Connecticut with offices in Hartford, Connecticut.

5. This Court has jurisdiction of this matter under 29 U.S.C. Sec. 1132 (a) (1)(B) and 29 U.S.C. Sec. 1332 (e) (1), by virtue of the fact that the above mentioned insurance and 401K benefits were part of an ERISA plan administered by the defendant NUSCO.

COUNT ONE

6. The defendant Liberty Mutual, was notified on or about January 16, 2001 of the death of Gary Ceruti and again was notified by the plaintiff's attorney on or about April 19, 2001.

7. To this date, Liberty Mutual has failed to provide the plaintiff with a copy of the policy and has failed to pay the life insurance benefit and the triple indemnity benefit due to accidental death on the job.

COUNT TWO

8. The defendant Hartford Life Insurance Company was given notice of this claim by Shirley Bishop on or about January 16, 2001 and notice was again made on The Hartford Life Insurance Company through the plaintiff's attorney on or about April 9, 2001.

9. The Hartford Life Insurance Company has failed to pay the plaintiff the life insurance benefit due her.

COUNT THREE

10. The defendant NUSCO, has represented to the plaintiff by letter dated December 31, 2000, that it "will notify our 401K record keeper Fidelity Investments, that the participant

has passed away, and Fidelity will establish a new account in your name."

11.     Northeast Utilities Service Company has failed to so notify Fidelity Investments and the plaintiff has been therefore damaged.

WHEREFORE, the plaintiff claims:

1.      An order requiring the defendants to pay to Shirley Bishop the proceeds of the 401K plan, the group life insurance policy, and the accidental death and dismemberment policy plus interest or in the alternative to pay an equal amount of money damages plus interest;

2.      That the defendant Northeast Utilities be ordered to notify Fidelity Investments to establish a new account in the name of the plaintiff;

3.      Reasonable Attorney's fees and costs incurred in this action;.

4.      Any other equitable relief as the Court may order.

THE PLAINTIFF

BY _____
Bruce A. Chaplin
208 Main Street
Durham CT 06422
860-349-0528
Fed bar ct 05675

## CERTIFICATION

This is to hereby certify that a copy of the foregoing was mailed, postage prepaid on this the 18 day of June 2004 to the following:

Duncan MacKay, Esq.
Angela Louise Ruggiero, Esq.
Northeast Utilities System Co
Legal Dept
PO Box 270
Hartford CT 06141-0270

Kevin C. Shea, Esq.
Clendenen & Shea, LLC
400 Orange Street
PO Box 301
New Haven CT 06502

Bruce A. Chaplin