UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUN 25  A 9: 14

SHIRLEY BISHOP,
        Plaintiff,

v.

NORTHEAST UTILITIES SERVICE
COMPANY, ET AL.,
        Defendants,

RONALD F. CERUTI, ADMINISTRATOR of
the ESTATE of GARY J. CERUTI, ET AL,
        Defendants/Intervenors.

: CIVIL ACTION NO.:
: 3: 01CV 1434 (CFD)
:
:
:
:
:
:
:
:
:
: June 14, 2004

US DISTRICT COURT
HARTFORD, CT.

## TRIAL MEMORANDUM OF
## NORTHEAST UTILITIES SERVICE COMPANY

### INTRODUCTION

Northeast Utilities Service Company ("NUSCO") hereby respectfully submits its own Trial Memorandum in the above-captioned matter in accordance with the Standing Order Regarding Trial Memoranda in Civil Cases and this Court's Trial Memorandum Order. On May 25, 2004, NUSCO requested, and was granted, a thirty-day extension to file a Joint Trial Memorandum with the plaintiff. A similar extension was requested by and granted to plaintiff. However, on June 22, plaintiff filed her own Trial Memorandum in this matter[1], thereby necessitating NUSCO's unilateral filing. NUSCO will nevertheless adopt the same format as plaintiff and will simply add its content to that already submitted by plaintiff, effectively making this a joint submission.

---

[1] NUSCO informed counsel for plaintiff that its comments would be provided to plaintiff's counsel before the June 24, 2004 deadline, and called plaintiff's counsel on June 22 to confirm that NUSCO's comments would be sent to him on or before the following day (June 23). Later in the afternoon of the 22nd, however, NUSCO was informed by plaintiff's counsel's office that plaintiff's Trial Memorandum had already been filed in advance of the June 24 deadline; accordingly, NUSCO hereby submits its own Trial Memorandum.

1. **TRIAL COUNSEL:**

Plaintiff, Shirley Bishop:

>Bruce A. Chaplin, Esq. (ct05675)
>208 Main Street
>Durham, CT 06422
>(860) 349-0528

Defendant, Northeast Utilities Service Company:

>Duncan Ross Mackay, Esq. (ct03370)
>Assistant General Counsel
>Northeast Utility Service Company
>Legal Department
>P.O. Box 270
>Hartford, CT 06141
>(860) 665-3495
>mackadr@nu.com
>
>Angela L. Ruggiero, Esq. (ct24792)
>Attorney
>Northeast Utility Service Company
>Legal Department
>P.O. Box 270
>Hartford, CT 06141
>(860) 665-3667
>ruggial@nu.com

Defendants/intervenors, Ronald F. Ceruti, administrator of the estate of Gary Ceruti, and Ronald Ceruti and Robin F. Simckak, as next of kin to Gary Ceruti:

>Kevin C. Shea, Esq. (ct13781)
>Clendenen & Shea, LLC
>400 Orange Street
>P.O. Box 301
>New Haven, CT 06502
>(203) 787-1183
>office@clenlaw.com

2. **JURISDICTION**

   A. **Subject Matter Jurisdiction**

   This Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1367, 29

U.S.C. § 1132, and 29 U.S.C. § 1332 (e)(1).

### B. Personal Jurisdiction

The defendant, NUSCO, does not dispute that the Court has personal jurisdiction over it.

## 3. JURY/NON-JURY

The case is a non-jury case.

## 4. NATURE OF CASE

This case involves disputed and competing claims by the plaintiff, the former spouse of Gary J. Ceruti, and the defendants/intervenors, the administrator of Ceruti's estate and next of kin, over entitlement to various benefits under several employee benefit plans sponsored by NUSCO in which Ceruti was a participant. Specifically, plaintiff and defendants/intervenors each claim to be Ceruti's lawful beneficiary under and entitled to the benefits/proceeds of a 401K plan, group life insurance policy, and accidental death and dismemberment policy.

The plaintiff's amended complaint is asserted in three counts as follows:

Count One (*against Liberty Mutual*): The plaintiff claims she is the rightful beneficiary of a triple indemnity policy issued by Liberty Mutual and is entitled to the proceeds from that policy on account of Ceruti's death.

Count Two (*against Hartford Life Insurance Company*): The plaintiff claims she is the rightful beneficiary of a Life Insurance policy issued by the Hartford Life Insurance Company and is entitled to the proceeds from that policy on account of Ceruti's death.

Count Three (*against NUSCO*): The plaintiff claims she is the rightful beneficiary of a 401k plain administered by NUSCO and managed by Fidelity Investments and is entitled to the proceeds from that plan on account of Ceruti's death.

Prayer for Relief: The plaintiff seeks payment of the proceeds of Ceruti's 401k plan, group life

insurance policy and Accidental Death & Dismemberment policy, plus interest, fees and costs.

The defendants/intervenors raise the following separate counter- and cross-claims:

Count One (*against Bishop*): The plaintiff breached the terms of the divorce decree and the agreements incorporated therein which she entered into with Ceruti by asserting a right to the pension, retirement and/or death benefits claimed in this matter.

Count Two (*against Bishop*): The plaintiff negligently misrepresented her intent to be bound by the terms of the divorce decree and to forego any claim to Ceruti's benefits.

Count Three (*against Bishop*): The plaintiff negligently failed to disclose material facts about the Agreements and her promises to forgo any claims to any of Ceruti's employee benefits, including his 401k plan and insurance policies

Count Four (*against Bishop*): To induce Ceruti to act in reliance thereon, the plaintiff recklessly or knowingly failed to disclose material facts about the Agreements and her promises to forgo any claims to any of Ceruti's employee benefits, including his 401k plan and insurance policies.

Count Five (*against NUSCO*): NUSCO violated its duties under ERISA and has breached its fiduciary duties to Ceruti.

Count Six (*against NUSCO*): NUSCO made certain false and untrue statements and representations to Ceruti in connection with his employee benefits and designation of beneficiary.

Count Seven (*against NUSCO*): NUSCO negligently misstated and/or misrepresented material facts about Ceruti's employee benefits and the manner in which he should change the designation of beneficiary.

Count Eight (*against NUSCO, Liberty Life and Hartford Life Insurance Company*): NUSCO, Liberty Life and Hartford Life Insurance Company failed to pay Ceruti's estate the proceeds of the 401k plan and insurance policies.

4

Prayer for Relief: The defendants/intervenors seek payment of the proceeds of Ceruti's 401k plan, group life insurance policy and accidental death & dismemberment policy, plus interest, fees and costs.

5. **NUSCO'S PROPOSED STIPULATIONS OF FACTS AND LAW**

A. Gary J. Ceruti, a former resident of Meriden, Connecticut, Social Security No. 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, died on December 18, 2000, as a result of being electrocuted while working for his employer, The Connecticut Light and Power Company ("CL&P").

B. Ceruti, as part of an ERISA employee benefit plan, was covered by a group life insurance plan with the defendant Liberty Life Assurance Company of Boston, which policy had a triple indemnity component for accidental death, bearing policy number SA3-810-004252-01.

C. Ceruti, as part of an ERISA employee benefit plan, was covered by an accidental death and dismemberment policy with the defendant Hartford Life Insurance Company, bearing policy no. 02-ADD-003096.

D. Ceruti, as part of an ERISA employee benefit plan, was a participant in the NUSCO 401k plan.

E. The sponsor of the Plan is Northeast Utilities Service Company (NUSCO). Its Employer Identification Number is 06-0810627. The official address is:

   Mailing: Post Office Box 270
   Hartford, Connecticut 06141-0270
   Location: 107 Selden Street
   Berlin, Connecticut 06037

F. The identification number of the Plan for ERISA purposes is 005.

G. The Connecticut Light and Power Company participates in the Plan.

H. The Plan Administrator of the NUSCO 401k Plan is the vice president who oversees Human Resources at Northeast Utilities Service Company. All correspondence to the Plan Administrator should be addressed to:

>Vice President (Human Resources), BMW1
>Northeast Utilities Service Company
>Post Office Box 270
>Hartford, Connecticut 06141-0270
>The telephone number of the Plan Administrator is: (860) 665-3650.

I. The NUSCO Human Resources Director-Benefits has been authorized by the Plan Administrator to act for the Plan Administrator with respect to matters arising under the NUSCO 401k Plan.

J. The Trustee for all the Plan assets is:

>Fidelity Management Trust Company
>82 Devonshire Street
>Boston, MA 02109

K. Based on information provided by Ceruti, the plaintiff and Ceruti were apparently divorced in 1996.

L. Based on information provided by Ceruti, the plaintiff and Ceruti had no children together.

M. The plaintiff and the defendants/intervenors both claim to have a legal right to the proceeds of Ceruti's 401k plan account.

N. As a result of the competing contentions of plaintiff and defendants/intervenors, the defendant NUSCO has not requested Fidelity to pay the proceeds of Ceruti's 401k plan account to either plaintiff or defendants/intervenors.

O. The defendant NUSCO is prepared to request Fidelity to pay the proceeds of Ceruti's 401k plan account to whomever the court determines has the legal right thereto.

P. If an individual believes that he or she is not receiving any benefits to which he or she is entitled under the 401k plan, the plan provides an administrative claim process calling for claims to be filed, in writing, and sent to:

Human Resources Director-Benefits, BMW1
Northeast Utilities Service Company
Post Office Box 270
Hartford, Connecticut 06141-0270

O. The 401k plan also provides that if a claim is denied, the claimant will be notified, in writing, within 60 days after the claim was filed, stating the reasons for the denial. The claimant may then appeal the denial to the Advisory Committee of the 401k plan by writing to the plan at the address above. This appeal must be made within 60 days after you receive the initial decision (this time period may be extended by the Advisory Committee for good cause shown). An appeal will be decided within 60 days after it is received (or 120 days in special circumstances). The decision of the Advisory Committee is final.

P. Neither plaintiff nor defendants/intervenors submitted a claim to the plan administrator or otherwise exhausted the claims process as set forth in the 401k plan.

## 6. Plaintiff's Contentions

Please refer to the plaintiff's statements at paragraph 4 of the plaintiff's Trial Management Memorandum.

## 7. DEFENDANTS' CONTENTIONS

### A. Claims of the Defendants/intervenors

Please refer to the defendants/intervenors' statements at paragraphs 4 and 7 of the defendants/intervenors' Trial Management Memorandum.

### B. Claims of the Defendants Liberty Life Assurance Company and The Hartford Insurance Company

The defendants Liberty Life Assurance Company and The Hartford Insurance Company make no claim to the aforementioned death benefits and are prepared to pay whomever has the legal right thereto.

### D. Claims of the Defendant NUSCO

The defendant NUSCO makes no claim to the aforementioned 401k benefits and is prepared to direct Fidelity to pay said 401k benefits to whomever has the legal right thereto as determined by the court or upon agreement of the plaintiff and the defendants/intervenors.

NUSCO asserts that both the plaintiff, Shirley Bishop, and the defendants/intervenors failed to exhaust their administrative remedies in accordance with the 401k plan as required under ERISA, in that neither filed claims in accordance with the claims procedure in the 401k plan. *See, e.g.,* Steinberg v. Obstetrics-Gynecological & Infertility Group, P.C., 260. F. Supp. 2d 492, 498 (D. Conn. 2003). As such, this case is not properly before the Court at this time.

NUSCO asserts further that at all times material to the allegations of both the plaintiff and defendants/intervenors it has complied, and continues to comply, fully with its obligations, as administrator of the NUSCO 401k plan (through its vice president-Human Resources)[2], under ERISA. Specifically, NUSCO is required to provide to participants[3] of the 401k plan a written summary plan description ("SPD") (and subsequent modifications thereto) within ninety days after a participant commences participation in the plan. In addition, every fifth year NUSCO must furnish to each 401k plan participant an updated SPD that integrates all plan amendments made within the five-year period; however, if no amendments were made to a plan during the five-year period, the SPD need only be disseminated every tenth year. *See* U.S.C. § 1024 (b)(1) (2004). Finally, within 210 days after the close of the fiscal year of the plan, NUSCO must

---

[2] The Plan Administrator of the NUSCO 401k Plan is the vice president who oversees Human Resources at NUSCO, and the sponsor is NUSCO.
[3] These obligations also extend to beneficiaries receiving benefits under the 401k plan.

8

furnish to each participant a copy of the statements and schedules for such fiscal year, and such other material as is necessary to summarize the latest annual report. *See* U.S.C. § 1024 (b)(3) (2004).

NUSCO also contends that it did not and does not have an affirmative duty to offer advice to plan participants regarding the participant's choice of beneficiary or the participant's personal choices under the 401k plan. Courts have routinely held that plan administrators do not have an affirmative duty to distribute individualized information to plan participants or their beneficiaries which take into "account . . . their peculiar circumstances." Barrs v. Lockheed Martin Corp., 287 F.3d 202, 207 (1st Cir. 2002).

NUSCO further asserts that its refusal to request Fidelity to pay over Ceruti's 401k benefits to either plaintiff or defendants/intervenors in the face of competing contentions by both that they were the proper beneficiaries was reasonable and in compliance with its obligations under ERISA.

Finally, NUSCO contends that to the extent defendants/intervenors' claims in counts six, seven and eight are not brought under ERISA, they are preempted by ERISA. The gravamen of defendants/intervenors' claims is that NUSCO improperly administered the 401k plan. Such claims fall squarely within the recognized rule that "when a cause of action under state law is "premised on" the existence of an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists, ERISA preemption will apply." Griggs v. E.I. Dupont de Nemours & Co., 237 F.3d 371, 378 (4th Cir. 2001) (*quoting* Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990)); *see also* Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480 (4th Cir. 1996) (noting that state common-law tort and contract actions that are "based on alleged improper processing of a claim for

benefits under an employee benefit plan are preempted by ERISA"); Information Systems & Networks Corp. v. Principal Life Insurance Co., 2004 U.S. App. LEXIS 11226 (4th Cir. June 8, 2004).

## 8. LEGAL ISSUES RE: DEFENDANT NUSCO

Who is the legal beneficiary of Ceruti's 401k plan benefits, to whom NUSCO will direct Fidelity to forward the account balance?

Whether plaintiff and defendants/intervenors exhausted their administrative remedies before filing suit, as is required under ERISA?

Whether NUSCO met its ERISA obligations regarding its duties as plan administrator?

Whether NUSCO had an affirmative duty to disseminate specific advice to each individual plan participant?

Whether defendants/intervenors' claims are preempted by ERISA?

## 9. VOIR DIRE QUESTIONS

Not applicable as this is a bench trial.

## 10. NUSCO'S WITNESSES

A. **Representative of Fidelity Management Trust Company**, 82 Devonshire Street, Boston, MA 02109, will testify regarding Fidelity's management and day-to-day administration of the NUSCO 401k plan, Ceruti's 401k plan benefits, and actions Ceruti took regarding his plan benefits.

B. **Jeffrey Hall, Senior HR Consultant, NUSCO**, 107 Selden Street, Berlin, CT 06037, will testify regarding NUSCO's 401k plan, plan documents, and plan administration, and NUSCO's interactions with Fidelity regarding NUSCO's 401k plan.

  **C. Nancy DiMauro, HR Representative, NUSCO**, 107 Selden Street, Berlin, CT 06037, will testify regarding Ceruti's personnel file (including benefits information), plaintiff's request for payment of the benefits, and NUSCO's general business practices regarding benefit plan administration, personnel file maintenance, and communication of benefit plan information.

  **D.** Any and all other witness disclosed and/or called by other parties, as well as any and all other parties and/or their representatives.

  **E.** Any and all rebuttal and impeachment witnesses.

## 11. EXHIBITS

| Number | Title/Description |
|---|---|
| Exhibit 1 | Personnel File of Gary Ceruti |
| Exhibit 2 | CL&P Flexible Benefits Guide in effect between 1996 and 2000 |
| Exhibit 3 | CL&P Summary Plan Descriptions in effect between 1996 and 2000 |
| Exhibit 4 | CL&P Change in Family Status Packet in effect between 1996 and 2000 |
| Exhibit 5 | CL&P You and Your Job Employee Handbook in effect between 1996 and 2000 |
| Exhibit 6 | Gary Ceruti Benefits File |
| Exhibit 7 | Gary Ceruti Fidelity Investment File |

## 12. DEPOSITION TESTIMONY

None anticipated at this time.

## 13. REQUESTS FOR JURY INSTRUCTIONS

  Not applicable as this is a bench trial.

## 14. ANTICIPATED EVIDENTIARY PROBLEMS

NUSCO anticipates evidentiary problems based on the proposed testimony of the following individuals. Additionally, both plaintiff and defendants/intervenors have filed motions in limine

with respect to these same individuals, in which motions NUSCO hereby joins.

  **A. Ronald F. Ceruti**, as administrator and as an individual. Defendant NUSCO will file a motion in limine to preclude the testimony of Ronald F. Ceruti, both as an individual and as the administrator of the estate, due to the fact that as disclosed by defendants/intervenors, he will testify about out of court statements of Ceruti about his alleged intent and actions for the truth of the matters asserted therein and there are no hearsay exceptions that would allow this testimony into evidence. The testimony will also be unreliable due to Ronald F. Ceruti's pecuniary interest in the outcome of this case.

  **B. Robin F. Simckak**, whom the defendants/intervenors have proposed to have testify to out of court statements in support of her claim to the 401k and death benefits of Ceruti. Ms. Simckak's testimony would be offered for the truth of the matter asserted therein and no hearsay exceptions exist that would permit her testimony, also she has a pecuniary interest in the outcome of the case and thus her testimony is inherently unreliable.

  **C. Michael Ciaski, Susan and Dennis McAllister, David Chordas, and Thomas Hepton**, whom the defendants/intervenors have proposed were/are employees of CL&P and are slated to testify as to alleged difficulties they encountered in assigning or changing beneficiaries on various plans and policies administed by NUSCO. NUSCO objects to these witnesses on the grounds that the proposed testimony is irrelevant to the issue of whether NUSCO fulfilled its fiduciary obligations to Ceruti.

**15. PROPOSED FINDINGS AND CONCLUSIONS**

Not required at this time pursuant to Trial Memorandum Order.

**16. TRIAL TIME**

Three days

## 17. FURTHER PROCEEDINGS

None.

## 18. ELECTION FOR TRIAL BY MAGISTRATE

NUSCO does not object to the case being tried by a United States Magistrate, and would elect to have any appeal heard by the Court of Appeals.

Respectfully submitted,

DEFENDANT
NORTHEAST UTILITIES SERVICE COMPANY

By: _____
Duncan Ross Mackay, Esq. (ct03370)
Assistant General Counsel
Northeast Utility Service Company
Legal Department
P.O. Box 270
Hartford, CT 06141
(860) 665-3495
mackadr@nu.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 24th day of June, 2004, first class, postage prepaid, to:

Kerry R. Callahan, Esq.
Edward C. Andrews, II, Esq.
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277
Hartford, CT 06123-1277

Robert L. Wyld, Esq.
Jason M. Price, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT 06422

Kevin C. Shea, Esq.
William H. Clendenen, Jr., P.C.
400 Orange Street
P. O. Box 301
New Haven, CT 06502

_____
Duncan Ross Mackay