UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SHIRLEY BISHOP** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | **3:01CV 1434 (CFD)** |
| **VS.** | : | |
| | : | |
| **NORTHEAST UTILITIES SERVICE** | : | |
| **COMPANY, ET AL** | : | |
| **Defendants** | : | |
| | : | |
| **RONALD F. CERUTI, Administrator of** | : | |
| **the Estate of Gary J. Ceruti, et al** | : | |
| **Defendants-Intervenors** | : | **JUNE 21, 2004** |

_(filing stamp: U.S. DISTRICT COURT, HARTFORD CT, ORIGINAL, 2004 JUN 23 A 10:53, FILED)_

## TRIAL MANAGEMENT MEMORANDUM
## OF PLAINTIFF

### INTRODUCTION

The plaintiff is filing her own Introduction because the defendant-intervenors unexpectedly filed their own Trial Management Memorandum. In spite of the fact that the plaintiff sent the defendant/intervenors a "draft" on May 12, 2004, and in spite of the fact that the last telephone message that the plaintiff received from the defendant-intervenors on May 20, 2004, was that they wanted a two week to one month extension, they filed their own memorandum. The plaintiff called the intervenors numerous times but received no proposed Joint Trial Memorandum, even though the plaintiff informed the intervenors that it would type up a final draft of a joint trial memorandum.

1

1.    **TRIAL COUNSEL**

Plaintiff
Shirley Bishop

     Bruce A. Chaplin, Esq.
     208 Main Street
     Durham CT 06422

Defendant
Northeast Utilities Service Company

     Duncan Ross McKay, Esq.
     Angela Louise Ruggiero, Esq.
     Northeast Utility System
     Legal Department
     PO Box 270
     Hartford CT 06141

Defendant-Intervenors
Ronald F. Ceruti, Administrator of the Estate of Gary J. Ceruti, and Ronald F. Ceruti and
Robin Sinckak, next of kin of Gary J. Ceruti

     Kevin C. Shea, Esq.
     Clendenen & Shea, LLC
     PO Box 301
     400 Orange Street
     New Haven CT 06502

2.    **JURISDICTION**

A.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to the provision of 28 U.S.C. §1367,

29 U.S.C. §1132, and 29 U.S.C. §1332 (e)(1) insofar as the benefits in question were part of an

ERISA plan administered by the defendant, Northeast Utilities Service Company.

B.    Personal Jurisdiction

The plaintiff does not dispute that the Court has personal jurisdiction over her.

### 3.    JURY/NON-JURY

The case is a Non-jury case.

### 4.    A.    CLAIMS OF THE DEFENDANT

The defendants Liberty Life Assurance Company, The Hartford Insurance Company and Northeast Utilities Service Company lay no claim to the aforementioned death benefits and are prepared to pay whomever has the legal right thereto.

### B.    CLAIMS OF THE DEFENDANT-INTERVENORS

Please refer to the Defendant-Intervenor's statements at paragraphs 4 and 7 of the Defendant-Intervenor's Trial Management Memorandum.

### C.    CLAIMS OF THE PLAINTIFF

It is the claim of the plaintiff Shirley Bishop formerly known as Shirley Ceruti, that she is the named beneficiary in two insurance policies and one 401K plan. The employer of Gary Ceruti, Connecticut Light and Power Company, offered its employees these benefits which were part of an employee welfare benefit plan under ERISA. The plan was maintained by a plan administrator. Although Gary Ceruti and Shirley Ceruti (Bishop) were divorced, the Judgment and Separation Agreement makes no mention of limiting the death beneficiary expectancy of the plaintiff. The failure to mention any death beneficiary designation or survivor benefits in the Separation Agreement express the intent of Mr. and Mrs. Ceruti at the time of the divorce that these issues were not considered.

The policies of insurance clearly state that they will pay according to the beneficiary designation which was never changed. This further supports the intent of Gary Ceruti to keep Shirley Bishop as his beneficiary. The same beneficiary designation was made in the 401K plan.

3

The designation of a death beneficiary is a contract between Mr. Ceruti, the employer, and the insurance companies. Mr. Ceruti's intent to leave Shirley Bishop as the death beneficiary is supported by his failure to comply with the written procedures on changing a beneficiary. Mr. Ceruti's intent to have Shirley (Ceruti) Bishop as the death beneficiary is further supported by the fact that he knew enough and acted upon changing her as a dependent in his health insurance plan, but failed to take any action to change her as the death beneficiary.

The plaintiff's claim is that she is entitled to the death benefit of the insurance policies and the 401K plan.

## 5.    PLAINTIFF'S PROPOSED STIPULATIONS OF FACTS AND LAW

A.    Gary J. Ceruti, a resident of Meriden, Connecticut, Social Security # 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, died on December 18, 2000 as a result of being electrocuted while working for Connecticut Light and Power Company.

B.    Gary J. Ceruti as part of an employee benefit governed by ERISA was the insured/a participant in a group life insurance plan with the defendant Liberty Life Assurance Company of Boston, which policy had a triple indemnity component to the policy for accidental death bearing policy no SA3-810-004252-01.

C.    Gary J. Ceruti as part of an employee benefit governed by ERISA was the insured/a participant in an Accidental Death and Dismemberment Policy with the defendant Hartford Life Insurance Company, bearing policy no. 02-ADD-003096.

D.    Gary J. Ceruti as part of an employee benefit governed by ERISA was the insured/a participant in a 401K plan provided by his employer Connecticut Light and Power Company and administered by the defendant, Northeast Utilities Service Company.

E.      In 1996, the plaintiff and Gary J. Ceruti began divorce proceedings to end their marriage.

F.      The deceased never changed his death beneficiary.

G.      The plaintiff and Gary J. Ceruti had no children together.

H.      Ronald F. Ceruti is the administrator of the Estate of Gary J. Ceruti.

I.      The plaintiff Shirley Ceruti demanded, as the named death beneficiary, payment of the death benefits under the two insurance polices and the 401K plan.

J.      The defendant insurance companies and administrator of the 401K plan are prepared to pay the death benefits to whomever has the legal right thereto.

6.      **LEGAL ISSUES RE: PLAINTIFF**

Whether the designation of Shirley Ceruti, who is now known as Shirley Bishop, as the named death beneficiary of the insurance policies and the 401K requires that said death benefits be paid to the plaintiff.

7.      **PLAINTIFF'S WITNESSES**      (Plaintiff reserves the right to call)

Jean LaVecchia, Vice President Human Relations; or another designated employee of Connecticut Light and Power/Northeast Utilities Service Company acting as plan administrator and familiar with Mr. Ceruti's benefit package as it pertains to his designation of a beneficiary under the insurance policies and 401K plans in question. Any action taken by her or the employer/plan administrator regarding the insurance policies or 401K plan and the reason for such action. Further will introduce any relevant documentation regarding the insurance policies and 401K plan.

Nancy A. DeMauro or other designated Human Relations employee of Connecticut Light and Power will introduce documents in Gary Ceruti's personnel file and explain and introduce any relevant personnel procedures, documentation and employee benefits as they relate to the insurance policies and 401K plan. Will also testify as it relates to Ceruti's personnel file, any designation of a beneficiary under the insurance policies and 401K plan in question.

Linda Stalk or other designated person: Introduce any documentation relevant to the defendant Liberty Mutual Assurance Company's insurance policies and designation of the death beneficiary under life insurance.

James A. Sherman or other designated person: Introduce any documentation relevant to the defendant Hartford Life Insurance Company's insurance policies and designation of the death beneficiary under life insurance.

Elizabeth L. McMahon  Expert witness whose opinion is that based upon the divorce judgment, Separation Agreement, and any other agreements between Shirley Ceruti and Gary Ceruti during their divorce that said language of the divorce agreements are "clear and unambiguous." That there is no language regarding death benefits or survivor benefits or any other such expectancy in the language of these documents. Namely, the usage of terms in said judgment and agreements makes no reference to waiving or relinquishing any right to be the designated beneficiary or in fact in limiting Gary Ceruti's right to select or continue to select Shirley as his beneficiary.

The basis of her opinion is that she has reviewed the divorce judgment, the separation agreement and other agreements entered into during the divorce (Trial Exhibit 2). Her testimony further will be based upon her education and experience as a divorce lawyer and  as a recognized

expert in the preparation of QUADRO's.

Shirley Bishop, formerly Shirley Ceruti is the named death beneficiary and the plaintiff in this case.

She will testify that she and Mr. Ceruti never discussed death benefits or survivor benefits as part of their divorce. It was not an issue. Mr. Ceruti could have changed the beneficiary at any time. She will testify that at the divorce the parties only discussed rights of marital property affected by reason of their marriage. It is her understanding that a designation of a death beneficiary is not a right that arises by way of marriage or is not property or part of the estate nor would it be any part of any Last Will and Testament. In fact after the divorce Gary Ceruti actually told the plaintiff that he had not changed his death beneficiary. She will testify that she is one and the same Shirley Ceruti and that is supported by the divorce separation agreement that she would change her name. She will further testify that although she and Mr. Ceruti had a divorce there was no animosity or dislike between them. In fact, she did not even have a lawyer at the time of the final divorce and the parties reached an amicable agreement.

Joseph Galotti, Esq. of Meriden, Connecticut will testify as to any conversations he had with Gary Ceruti while in the presence of Ronald Ceruti and any conversations or actions not covered by any privilege.

The plaintiff also reserves the right to call as witness any witness identified by the defendant-intervenor in it's Trial Management Memorandum.

Plaintiff's objections to Defendant-Intervenors witnesses:

A.      Objection to the testimony of Ronald F. Ceruti and Robin Simchak, as administrator and as an individual.

The plaintiff objects to the proposed testimony on the grounds of relevance and lack of foundation to the extent that witnesses seek to testify as to the meaning of documents contained in the Ceruti divorce or Gary Ceruti's interpretation of any documents regarding the divorce. The plaintiff further objects to their testifying with respect to any pension, retirement benefits or any agreement regarding Gary Ceruti's divorce, pension and retirement benefits or what the plaintiff may have waived or not waived. Further, the plaintiff objects to them testifying regarding any documentation signed by Gary Ceruti as far as any health maintenance change applications or any change of status form and the meaning thereof. Further, the plaintiff objects to any discussions between Ronald Ceruti and Gary Ceruti regarding Gary Ceruti's intent to change a beneficiary or remove a beneficiary. Any documentation regarding said intent speaks for itself and the witness' testimony is heresay, not relevant and lacks foundation. Further, there is no ambiguity in the divorce agreement or employer personnel forms that would allow this testimony.

B.      The plaintiff objects to any testimony regarding Michael Ciaski, Susan and Dennis McAllister, David Chordas, Thomas Hepton regarding any difficulties they may or may not have had changing dependents or beneficiaries on various plans and policies administered by the employer. The plaintiff objects on the grounds of relevance, hearsay, lack of foundation and said testimony violated Federal Rules of Evidence 404.

8.      **EXHIBITS OF THE PLAINTIFF:**        (Plaintiff reserves the right to introduce)

| Number | Title/Description |
|---|---|
| Exhibit A | Beneficiary designation signed by Gary Ceruti on November 3, 1988. |
| Exhibit B | Judgment of Divorce, Two Agreements dated 8/8/96, Agreement dated 4/18/96 |

Exhibit C      The Hartford Life Insurance policy

Exhibit D      The Liberty Life Assurance policy

Exhibit E      The 401K Summary Plan.

Exhibit F      Letter from August DeFrance to plaintiff dated 12/31/00

Exhibit G      Form 5500 Annual Returns

Exhibit H      Health Maintenance Enrollment Change

Exhibit I      Change in Status Family form

Exhibit J      Any other relevant document from the deceased's personnel file.

Plaintiff's objections to the Defendant-Intervenors' Exhibit

Plaintiff objects to Defendant-Intervenor's Exhibit No. 5 on the grounds that it lacks foundation and is irrelevant to this matter

**9.      DEPOSITION TESTIMONY**

None anticipated at this time.

**10.      ANTICIPATED EVIDENTIARY PROBLEMS**

1.      Relevance of testimony regarding other employees experience with the Personnel Department of Connecticut Light and Power/Northeast Utilities.

2.      Relevance and lack of foundation for Intervenor's Exhibit 5. This document has no relevance to Gary Ceruti's choice of a death beneficiary.

3.      Relevance and lack of foundation for Intervenor's Exhibit 6. This document has no relevance to Gary Ceruti's choice of a death beneficiary.

4.      Relevance and lack of foundation for Intervenor's Exhibit 7. This document has no relevance to Gary Ceruti's choice of a death beneficiary.

relevance to Gary Ceruti's choice of a death beneficiary.

     5.     Relevance and lack of foundation for Intervenor's Exhibit 8. This document has no

relevance to Gary Ceruti's choice of a death beneficiary.

     6.     Intervenor's  Exhibit 3 as it has no relevance and is collateral in nature.

## 11.    <u>TRIAL TIME</u>

Three days

Respectfully submitted,

PLAINTIFF,
Shirley Bishop

By:   _____     Date: 6/21/04
       Bruce A. Chaplin, Esq.
       208 Main Street
       Durham CT 06422
       (860)349-0528
       Fed Bar ct 05675

## **CERTIFICATION**

This is to  hereby certify that a copy of the foregoing was mailed, postage prepaid on

this the   21st    day of June  2004 to the following:

Duncan Ross MacKay, Esq.
Angela Louise Ruggiero, Esq.
Northeast Utilities System Co
Legal Dept
PO Box 270
Hartford CT 06141-0270

Kevin C. Shea, Esq.
Clendenen & Shea, LLC
400 Orange Street
PO Box 301
New Haven CT 06502

Bruce A. Chaplin