UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 JUN 25  A 9: 14

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| SHIRLEY BISHOP, | : | |
|         Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3: 01CV 1434 (CFD) |
| v. | : | |
| | : | |
| NORTHEAST UTILITIES SERVICE | : | |
| COMPANY, ET AL., | : | |
|         Defendants, | : | |
| | : | |
| RONALD F. CERUTI, ADMINISTRATOR of | : | |
| the ESTATE of GARY J. CERUTI, ET AL, | : | |
|         Defendants/Intervenors. | : | June 14, 2004 |

MOTION IN LIMINE TO PRECLUDE TESTIMONY OF CERTAIN WITNESSES

The defendant, Northeast Utilities Service Company ("NUSCO"), respectfully moves in limine for an order barring defendants/intervenors from introducing the testimony and/or opinion of several of their proposed witnesses.

**I.   Michael Ciaski, Susan and Dennis McAllister, David Chordas and Thomas Hepton**

Michael Ciaski, Susan and Dennis McAllister, David Chordas and Thomas Hepton were identified as potential witnesses by defendants/intervenors in their Trial Memorandum. The purported purpose of their testimony is to discuss the alleged difficulties that they encountered in assigning or changing beneficiaries on various plans apparently administered by NUSCO.

The testimony of these witnesses is entirely irrelevant to or probative of the question of whether NUSCO fulfilled its fiduciary obligations as plan administrator of the NUSCO 401k plan with respect to Gary Ceruti. Accordingly, the proposed testimony of these witnesses should be excluded pursuant to Federal Rule of Evidence 401.

## II.     Ronald F. Ceruti and Robin F. Simckak

Defendants/intervenors also propose to offer the testimony of Ronald F. Ceruti for the

following purpose:

"As administrator of the Estate of Gary J. Ceruti, Ronald F. Ceruti is expected
to testify, in his capacity as administrator, that in 1996, decedent Gary J. Ceruti and
Plaintiff divorced. In the resulting settlement agreement, Gary J. Ceruti and Plaintiff
agreed as follows: "The defendant shall retain all retirement and pension benefits and
the plaintiff waives any and all claims to same. The plaintiff shall retain all retirement
and pension benefits and the defendant waives any and all claims to the same." He will
testify that both parties granted possession of benefits to the other, but also relinquished
any interest in the same. With respect to pension and retirement benefits, for example,
Plaintiff granted to Gary J. Ceruti possession ("The plaintiff shall retain all retirement
and pension benefits..." Agreement, August 8, 1996 between Gary J. Ceruti and Shirley
H. Ceruti). With respect to pension and retirement benefits, Plaintiff also promised
restraint with respect to such benefits-Plaintiff signed an agreement to refrain from
taking any action whatsoever to share or take Gary J. Ceruti's pension and retirement
benefits ("...and the defendant waives any and all claims to same." Agreement, August
8, 1996 between Gary J. Ceruti and Shirley H. Ceruti.") Death benefits were not
explicitly covered in the settlement agreement, as Plaintiff herself admits.

Ronald Ceruti, as Administrator will also testify that on March 17, 1997 Gary
Ceruti executed both a Health Maintenance Change Application at work and a Change
in Family Status form. On the Health Maintenance Change Application, Gary Ceruti
wrote the plaintiff's name and the word "cancel". On the Change in Status Form, Gary
Ceruti checked the box that said "divorce", and in the section labeled "Add or delete
dependents in this section", he checked the "delete" box and wrote the plaintiffs name
next to it.

Ronald F. Ceruti will testify to facts establishing his position as next of kin to
Gary Ceruti, and to facts supporting his claim to the pension, death and retirement
benefits of Gary Ceruti.

He will testify that he and Gary Ceruti discussed the change of beneficiary on
numerous occasions after his divorce and that Gary told him that he had removed the
plaintiff from all of his benefits at work.

Ronald Ceruti will testify as to one such discussion occurring in the office of
Attorney Joseph Galotti, Jr. in Attorney Joseph Galotti's presence. During that
discussion, Gary Ceruti affirmed that he had removed Shirley (the plaintiff) from all his
benefits. Also, Ronald Ceruti will testify that on March 17, 1997 Gary executed both a
Health Maintenance Change Application at work and a Change in Family Status form.
On the Health Maintenance Change Application, Gary Ceruti wrote Shirley's name and
the word "cancel". On the Change in Status Form, Gary Ceruti checked the box that

said "divorce", and in the section labeled "Add or delete dependents in this section", Gary checked the "delete" box and wrote Shirley's name next to it.

Ronald Ceruti will testify that Gary Ceruti told him that he had made these changes, and that as a result all of his benefits, including his death benefits would go to his next of kin if he died. Consistent with this, Ronald Ceruti will testify that Gary had a $10,000 life insurance policy through the International Brotherhood of Electrical Workers which was distributed to Ronald and his sister, as Gary Ceruti had wanted."

As such, much of Ron Ceruti's testimony will consist of out of court statements made by, among others, Gary Ceruti himself, which are being offered by defendants/intervenors for the truth of the matters asserted therein, regarding Ceruti's intentions and/or actions with respect to the changes to his beneficiary designation on his NUSCO employee benefits plans, including the 401k plan. Ron Ceruti's testimony therefore violates the rule against hearsay and does not fall within any exceptions to that rule. In addition, as Ron Ceruti has a pecuniary interest in the outcome of this litigation, his testimony is inherently unreliable and should be excluded. For these same reasons, the proposed testimony of Robin Simckak, to the extent it involves out of court statements of Gary Ceruti, should also be excluded.

WHEREFORE, the proposed witnesses of the defendants-intervenors should be excluded.

Respectfully submitted,

DEFENDANT
NORTHEAST UTILITIES SERVICE
COMPANY

By: _____
     Duncan Ross Mackay, Esq. (ct03370)
     Assistant General Counsel
     Northeast Utility Service Company
     Legal Department
     P.O. Box 270
     Hartford, CT 06141
     (860) 665-3495
     mackadr@nu.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this 24th day of June, 2004, first

class, postage prepaid, to:


Kerry R. Callahan, Esq.
Edward C. Andrews, II, Esq.
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277
Hartford, CT 06123-1277

Robert L. Wyld, Esq.
Jason M. Price, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT 06422

Kevin C. Shea, Esq.
William H. Clendenen, Jr., P.C.
400 Orange Street
P. O. Box 301
New Haven, CT  06502

Duncan Ross Mackay