UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP<br>    Plaintiff | :<br>:  CIVIL ACTION NO.<br>:  3:01CV 1434 (CFD) |
| VS. | : |
| NORTHEAST UTILITIES SERVICE<br>COMPANY, ET AL<br>    Defendants | :<br>:<br>: |
| RONALD F. CERUTI, Administrator of<br>the Estate of Gary J. Ceruti, et al<br>    Defendants-Intervenors | :<br>:<br>:  JUNE 20, 2004 |

FILED 2004 JUN 23 A 10 54 U.S. DISTRICT COURT HARTFORD, CT.

## MOTION IN LIMINE RE: TESTIMONY OF RONALD CERUTI AND ROBIN SIMKAK

The Defendant-Intervenor has in it's Trial Management Memorandum, stated that it will call as a witnesses Ronald F. Ceruti and Robin F. Simckak, both as Administrator of the estate of Gary Ceruti and as an individuals. These witnesses are being offered to testify regarding a divorce agreement, and apparently the meaning of paragraphs in the divorce agreements. They are being offered to testify regarding a Health Maintenance Change Application and a Change in Family Status, documents which are apparently employment documents of the deceased. They are being offered to discuss conversations they had with the deceased and as to what documents mean or what the deceased thought they meant. They will testify as to other documents signed by the deceased.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

This testimony, as raised by the Defendant-Intervenor in it's Trial Memorandum should be precluded as irrelevant. Further, are hearsay the witnesses in question cannot present the proper foundation to introduce the documents and it would violate the best evidence rule.

In support of this Motion, the plaintiff points out that the death benefits at issue in this case are employee benefits, as such ERISA "shall superceded any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in" 29 USCS 1003(a). Hurwitz v. Sher 982 F2d 778, 780 (2nd Cir.1992). Therefore, the testimony is irrelevant to the beneficiary designated by the deceased or by the terms of the plan. 29 USC 1002(8). Even if, the deceased's intent in naming the plaintiff as death beneficiary may be at issued, rules of evidence should be governed by the Federal Rules. The witnesses in question had nothing to do with the preparation or signing of any divorce agreements, employee documents or life insurance benefits. Fed. R. Evidence 602 precludes the testimony because they have no personal knowledge. The Defendant intervenor is also attempting to make some correlation between life insurance benefits not even involved in this case. These witnesses cannot establish any foundation for the documents.

Even if a foundation is established through other witnesses, and the court finds the documents relevant, this court will then as a matter of law determine the intent of the parties. This is initially a question of law. Haber v. St. Paul Guardian Ins. 137 F3d 691 (2nd Cir. 1998) The content of a document is proven only by the writing itself. Fed. R. Evid 1002. These witnesses were not parties to the divorce agreements. The deceased and his employer were parties to the employment documents.

Further. these witnesses cannot testify because their testimony would be hearsay and would not come under any exception to the hearsay rule. Federal Rules of Evidence 802 and 804.

The Connecticut Dead Man's Statute CGS Sec. 52-172 is of no help here because ERISA is governed by Federal Laws. Haber 137 supra 6 . Fed R. Evid. 601.

THE PLAINTIFF

BY
Bruce A. Chaplin
208 Main Street
Durham CT 06422
860/349-0528
Fed bar ct 05675

## ORDER

The foregoing Motion, having been duly heard, it is hereby

ORDERED:

### GRANTED//DENIED

BY THE COURT

_____
Judge/Assistant Clerk

## CERTIFICATION

This is to hereby certify that a copy of the foregoing was mailed, postage prepaid on this the 21 day of June 2004 to the following:

Duncan MacKay, Esq.
Angela Louise Ruggiero, Esq.
Northeast Utilities System Co
Legal Dept
PO Box 270
Hartford CT 06141-0270

Kevin C. Shea, Esq.
Clendenen & Shea, LLC
400 Orange Street
PO Box 301
New Haven CT 06502

_____
Bruce A. Chaplin