UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP,<br>　　　　Plaintiff, | :<br>:  CIVIL ACTION NO.:<br>:  3: 01CV 1434 (CFD) |
| v. | :<br>: |
| NORTHEAST UTILITIES SERVICE<br>COMPANY, ET AL.,<br>　　　　Defendants, | :<br>:<br>:<br>: |
| RONALD F. CERUTI, ADMINISTRATOR of<br>the ESTATE of GARY J. CERUTI, ET AL,<br>　　　　Defendants/Intervenors. | :<br>:<br>:  June 25, 2004 |

### MEMORANDUM IN SUPPORT OF
### DEFENDANT NORTHEAST UTILITY SERVICE COMPANY'S
### MOTION NUNC PRO TUNC FOR EXTENSION OF TIME

I.  **INTRODUCTION**

This memorandum is submitted by Defendant, Northeast Utilities Service Company ("NUSCO"), in support of its motion *nunc pro tunc* for an extension of time of one day through and including June 25, 2004, in which to file its trial memorandum and accompanying motion in limine in the above captioned matter.

II. **DISCUSSION**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Court may, "upon motion made after the expiration of the specified period[,] permit the act to be done where the failure to act was the result of excusable neglect . . . ." "'Excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond

4

the control of the movant." <u>Pioneer Inv. Servs. Co.v . Brunswick Assoc Ltd. Partnership</u>, 507 U.S. 380, 392 (1992).

In determining whether defendant's failure to file in a timely manner amounts to excusable neglect, the Court takes many factors into consideration:

> (1) The prejudice to the opponent; (2) The length of the delay and its potential impact on the course of the judicial proceedings; (3) The causes for the delay, and whether those causes were within the reasonable control of the moving party; (4) The moving party's good faith; (5) Whether the omission reflected professional incompetence, such as ignorance of the procedural rules; (6) Whether the omission reflected an easily manufactured excuse that the court could not verify; (7) Whether the moving party had failed to provide for a consequence that was readily foreseeable; and (8) Whether the omission constituted a complete lack of diligence.

Fed. R. Civ. P. 6(b) cmt, *citing* <u>Pioneer Inv. Servs. Co.</u>, 507 U.S. at 390-95.

In the present situation, there has been no harm suffered by the plaintiff or defendants/intervenors; as has already been stated, the motions were filed on the morning of the first day following the date specified as the filing deadline (June 24). Further, copies of NUSCO's trial memorandum and motion in limine were mailed via first-class mail to all counsel of record on June 24. These facts lend themselves to the second consideration of the Court. The length of the delay was negligible, as was the impact on the course of the proceedings. The length of the delay was one day, hardly enough time to have any negative impact on the proceedings.

The cause for the delay was two-fold. First, the original trial memorandum order in this case specified a filing deadline for a joint trial memorandum of May 10, 2004. Plaintiff subsequently moved for and was granted an extension of time through May 25, 2004 to make the filing with no objections from either NUSCO or defendants/intervenors. Thereafter, plaintiff and NUSCO each moved the court for a further extension of time through and including June 24,

5

2004 to prepare and file a joint trial memorandum[1], which motion was also granted with no objection from the defendants/intervenors. NUSCO thereafter informed plaintiff's counsel that its comments to the plaintiff's proposed joint trial memorandum would be provided in advance of the June 24 deadline in sufficient time to allow for the finalization and filing with the court. Thereafter, on June 22, NUSCO informed plaintiff's counsel that NUSCO's comments would be submitted for incorporation into the joint trial memorandum by that afternoon or first-thing the next morning (June 23). However, later on the afternoon of June 22, plaintiff's counsel's office called to inform NUSCO that plaintiff already filed her trial memorandum earlier in the day (on June 22). Accordingly, NUSCO had to prepare its own complete trial memorandum for filing.

In addition, NUSCO's messenger arrived at the court with NUSCO's trial memorandum and motion in limine after the clerk's office had closed for the afternoon on June 24, 2002. The messenger did not stamp in and file the papers in the clerk's office's "late filing" box; instead, the messenger returned to the clerk's office first-thing this morning (June 25) and filed NUSCO's papers out of time.

NUSCO has in good faith filed this motion *nunc pro tunc* for an extension of time. The lateness of the filing has not reflected professional incompetence. NUSCO has been timely in all other matters throughout this litigation and this oversight was merely a misunderstanding as to the timing and manner in which the trial memorandum was to be filed with the court. NUSCO's reasoning for failing to file its motions in a timely fashion is not an easily manufactured excuse. It is an honest mistake that was quickly rectified; by the parties timely receipt of NUSCO's trial memorandum, the Court's receipt of the trial memorandum on June 25, and by Defendant's motion *nunc pro tunc* for extension of time to correct the late filing.

---

[1] Defendants/intervenors filed their own trial memorandum on or about May 25, 2004.

6

### III. CONCLUSION

For any or all of the foregoing reasons, and as no prejudice to the parties exists, NUSCO respectfully requests the court grant this motion *nunc pro tunc* for an extension of time of one day through and including June 25, 2004 to enable NUSCO's filings to conform to the court's extended deadlines in this case.

Respectfully submitted,

DEFENDANT
NORTHEAST UTILITIES SERVICE
COMPANY


By: _____
Duncan Ross Mackay, Esq. (ct03370)
Assistant General Counsel
Northeast Utility Service Company
Legal Department
P.O. Box 270
Hartford, CT 06141
(860) 665-3495
mackadr@nu.com

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 25th day of June, 2004, first class, postage prepaid, to:

Kerry R. Callahan, Esq.
Edward C. Andrews, II, Esq.
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277
Hartford, CT 06123-1277

Robert L. Wyld, Esq.
Jason M. Price, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT 06422

Kevin C. Shea, Esq.
William H. Clendenen, Jr., P.C.
400 Orange Street
P. O. Box 301
New Haven, CT 06502

/Duncan Ross Mackay

8