UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 JUL -1  A 11: 46

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| SHIRLEY BISHOP,<br>            Plaintiff,<br><br>v.<br><br>NORTHEAST UTILITIES SERVICE<br>COMPANY, ET AL.,<br>            Defendants,<br><br>RONALD F. CERUTI, ADMINISTRATOR of<br>the ESTATE of GARY J. CERUTI, ET AL,<br>            Defendants/Intervenors. | :<br>:  CIVIL ACTION NO.<br>:  3: 01CV 1434 (CFD)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  June 29, 2004 |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE TESTIMONY OF CERTAIN WITNESSES

Pursuant to Local Rule 7(a), and in further support of its Motion in Limine, dated June 24, 2003 ("Motion"), defendant Northeast Utilities Service Company ("NUSCO"), respectfully submits this Supplemental Memorandum of Law and requests that the Court grant its motion in limine for an order barring defendants/intervenors from introducing the testimony and/or opinion of several of their proposed witnesses.

### I. ARGUMENT

   a. **Michael Ciaski, Susan and Dennis McAllister, David Chordas and Thomas Hepton**

       i. **Proposed testimony**

Michael Ciaski, Susan and Dennis McAllister, David Chordas and Thomas Hepton were identified as potential witnesses by defendants/intervenors in their Trial Memorandum. The purported purpose of their testimony is to discuss the alleged difficulties that they encountered in assigning or changing beneficiaries on various plans apparently administered by NUSCO.

ORAL ARGUMENT REQUESTED                1

### ii. Reasons for Exclusion of Proposed Testimony

In order for evidence to be admitted, the Court must first make a preliminary determination that the evidence is relevant. Pursuant to Federal Rule of Evidence 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Courts have granted motions in limine seeking the exclusion of evidence due to its irrelevance. See State v. Ramos, 261 Conn. 156, 179 (2002); Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 148-49 (1985).

In the present situation, at issue is whether NUSCO fulfilled its fiduciary obligations as plan administrator of the NUSCO 401k plan with respect to Gary Ceruti. The proposed testimony of the above-referenced witnesses will not tend to lend itself to proving or disproving this fact, as the proposed testimony is in no way related to Gary Ceruti and indeed may not even be related to the NUSCO 401k plan.

NUSCO contends that to the extent defendants/intervenors' claims in counts six and seven are not brought under ERISA, and the aforementioned proposed testimony is offered in support of those contentions, the testimony of these witnesses is still inadmissible, as the counts themselves are preempted by ERISA. The gravamen of defendants/intervenors' claims is that NUSCO improperly administered the 401k plan *with respect to Ceruti*.[1] Such claims fall squarely within the recognized rule that "when a cause of action under state law is 'premised on' the existence of an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists,' ERISA preemption will apply." Griggs v. E.I.

---

[1] Defendants/intervenors' counts six and seven allege that NUSCO made certain false and untrue statements and representations to Ceruti in connection with his employee benefits and designation of beneficiary and negligently misstated and/or misrepresented material facts about Ceruti's employee benefits and the manner in which he should change the designation of beneficiary.

ORAL ARGUMENT REQUESTED                    2

Dupont de Nemours & Co., 237 F.3d 371, 378 (4th Cir. 2001) (*quoting* Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990)); *see also* Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480 (4th Cir. 1996) (noting that state common-law tort and contract actions that are "based on alleged improper processing of a claim for benefits under an employee benefit plan are preempted by ERISA"); Information Systems & Networks Corp. v. Principal Life Insurance Co., 2004 U.S. App. LEXIS 11226 (4th Cir. June 8, 2004). Thus, these claims are preempted.

Accordingly, the proposed testimony of these proposed witnesses should be excluded pursuant to Federal Rule of Evidence 401.

### b. Ronald F. Ceruti and Robin F. Simckak

#### i. Proposed Testimony

Defendants/intervenors have proposed to offer the testimony of Ronald F. Ceruti for the following purposes:

> As administrator of the Estate of Gary J. Ceruti, Ronald F. Ceruti is expected to testify, in his capacity as administrator, that in 1996, decedent Gary J. Ceruti and Plaintiff divorced. In the resulting settlement agreement, Gary J. Ceruti and Plaintiff agreed as follows: "The defendant shall retain all retirement and pension benefits and the plaintiff waives any and all claims to same. The plaintiff shall retain all retirement and pension benefits and the defendant waives any and all claims to the same." He will testify that both parties granted possession of benefits to the other, but also relinquished any interest in the same. With respect to pension and retirement benefits, for example, Plaintiff granted to Gary J. Ceruti possession ("The plaintiff shall retain all retirement and pension benefits..." Agreement, August 8, 1996 between Gary J. Ceruti and Shirley H. Ceruti). With respect to pension and retirement benefits, Plaintiff also promised restraint with respect to such benefits-Plaintiff signed an agreement to refrain from taking any action whatsoever to share or take Gary J. Ceruti's pension and retirement benefits ("...and the defendant waives any and all claims to same." Agreement, August 8, 1996 between Gary J. Ceruti and Shirley H. Ceruti.") Death benefits were not explicitly covered in the settlement agreement, as Plaintiff herself admits.
>
> Ronald Ceruti, as Administrator will also testify that on March 17, 1997 Gary Ceruti executed both a Health Maintenance Change Application at work and a Change

> in Family Status form. On the Health Maintenance Change Application, Gary Ceruti wrote the plaintiff's name and the word "cancel". On the Change in Status Form, Gary Ceruti checked the box that said "divorce", and in the section labeled "Add or delete dependents in this section", he checked the "delete" box and wrote the plaintiffs name next to it.
>
> Ronald F. Ceruti will testify to facts establishing his position as next of kin to Gary Ceruti, and to facts supporting his claim to the pension, death and retirement benefits of Gary Ceruti.
>
> He will testify that he and Gary Ceruti discussed the change of beneficiary on numerous occasions after his divorce and that Gary told him that he had removed the plaintiff from all of his benefits at work.
>
> Ronald Ceruti will testify as to one such discussion occurring in the office of Attorney Joseph Glottis, Jr. in Attorney Joseph Glottis's presence. During that discussion, Gary Ceruti affirmed that he had removed Shirley (the plaintiff) from all his benefits. Also, Ronald Ceruti will testify that on March 17, 1997 Gary executed both a Health Maintenance Change Application at work and a Change in Family Status form. On the Health Maintenance Change Application, Gary Ceruti wrote Shirley's name and the word "cancel". On the Change in Status Form, Gary Ceruti checked the box that said "divorce", and in the section labeled "Add or delete dependents in this section", Gary checked the "delete" box and wrote Shirley's name next to it.
>
> Ronald Ceruti will testify that Gary Ceruti told him that he had made these changes, and that as a result all of his benefits, including his death benefits would go to his next of kin if he died. Consistent with this, Ronald Ceruti will testify that Gary had a $10,000 life insurance policy through the International Brotherhood of Electrical Workers which was distributed to Ronald and his sister, as Gary Ceruti had wanted.

Defendants/intervenors Trial Memorandum. The defendants/intervenors proposed also that Robin F. Simckak will testify to facts establishing her position as next of kin to Gary Ceruti, *and to facts supporting her claim to the pension, death, and retirement benefits of Gary Ceruti. Id.*

### ii. Reasons for Exclusion of Proposed Testimony

The testimony of both Ronald Ceruti and Robin Simckak should be excluded, as both amount to hearsay, for which no exceptions exist or apply. The testimony of both individuals will consist of out of court statements offered for the truth of the matters asserted therein; namely, that Gary Ceruti told them that he either intended to or did attempt to change his beneficiary form. Pursuant to Federal

Rule of Evidence 801, such statements amount to hearsay, and pursuant to Rule 802, they must be excluded unless an exception applies. In the present situation, the testimony will concern statements allegedly made by Ceruti to members of his family regarding the decedent's benefits, and how he intended for his family members, specifically, those testifying at trial, to be his beneficiaries, thereby establishing their pecuniary interest in his death and other benefits.

Undoubtedly, the defendants/intervenors will attempt to justify the introduction of the aforementioned testimony by arguing that one, if not more, hearsay exceptions apply.

### 1. Present Sense Impression

The defendants/intervenors may argue that the statements of the deceased, which were made to Ronald Ceruti, should not be excluded by the rule against hearsay because they, "describ[e] or explain[] an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." FRE 803(1). This exception is traditionally used in circumstances in which the declarant is perceiving an event, such as an accident, and relaying the specific details of the event to a third party, such as a 911 dispatcher. *See generally*, Browne v. Keane, 355 F.3d 82, 85 (2d Cir. 2004). This exception does not apply in the present situation, however, due to the fact that the statements were not made while the decedent was perceiving an event or condition; rather, they were made during casual conversations between siblings about an event that had allegedly already happened, i.e., "I changed/attempted to change my beneficiary card," which does not fall within the exception.

### 2. Then Existing Mental, Emotional, or Physical Condition

The defendants/intervenors may also attempt to argue that the declarant's statements should not be excluded because the statements concern, "the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily

health), but not including a statement of memory or belief to prove a fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." FRE 803(3). Rule 803(3) specifically addresses actions that the declarant intends to take in the future. "To be admissible, the declarant's "statement must face forward, rather than backward. . . . [S]tatements . . . to support an inference about past conduct are not properly admitted under the state-of-mind exception." United States v. Perry, No. 98-1237, 1998 U.S. App. LEXIS 32511, at *9 (2d Cir. Dec. 23, 1998) (*internal quotations omitted*) (excluding testimony about the declarant's past actions because they did not fall within the hearsay exception set forth in Rule 803(3)).

This exception would not apply in the present situation because the proposed testimony does not include statements regarding the decedent's existing state of mind, emotion, sensation, or physical condition. They include alleged statements about actions the decedent *had allegedly taken* prior to making the statements; as such, this exception would not apply.

The defendants/intervenors may argue that the testimony will include statements regarding the decedent's intent to remove in the future the plaintiff from his beneficiary card; however, such proposed testimony was *not* included in the defendants/intervenors' trial memorandum. The testimony also does not contemplate what if any actions Ceruti planned to take or whether he changed is mind. In addition, such testimony is inherently unreliable due to the fact that the defendants/intervenors have a substantial pecuniary interest in the outcome of this case; the realization of such interest would be greatly increased if the proposed testimony were admitted into evidence. Thus, the prejudice to NUSCO is significant in light of its inability to cross-examine the declarant on these items and such testimony should be excluded.

### 3. Statement Under Belief of Impending Death

The defendants/intervenors may attempt to argue that the deceased declared that family

members were to be named his beneficiaries under his belief that he was facing imminent death. This exception does not apply for various reasons. The first is that the statements were presumably not made under the deceased's belief of impending death. Ceruti was killed suddenly in a work-related accident. Further, the defendants/intervenors have suggested Ceruti's statements regarding his beneficiaries were made years before his death; thus, not in the course of his impending death.

A second reason disqualifying the application of this exception concerns the circumstances surrounding this case. This exception applies only in prosecutions for homicide or in civil actions or proceedings, concerning the cause or circumstances of what the declarant believed to be impending death. Here, the alleged statements concern benefits, not the circumstances surrounding Ceruti's death.

### 4. Residual Exception

Rule 807 of the Federal Rules of Evidence sets forth a residual hearsay exception. This rule states,

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial **_guarantees of trustworthiness_**, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will be best served by admission of the statement into evidence. . . . (_emphasis added_).

Thus, in order for evidence to be admissible under the residual exception, it must be "(1) trustworthy, (2) material, (3) more probative than other available evidence, and must fulfill (4) the interests of justice and (5) notice." Silverstein v. Chase, 260 F.3d 142, 149 (2d Cir. 2001) (_internal citations omitted_).

In the present situation, the testimony that the defendants/intervenors propose to introduce into evidence would be offered by the very individuals who stand to gain from the outcome of the case.

The proposed witnesses have a substantial pecuniary interest in the outcome of this case. This fact seriously calls into question the trustworthiness of the proposed testimony, particularly in light of the unavailability of the declarant for cross-examination.

The second factor that must be considered is the material nature of the testimony. At first blush, this testimony may seem to be material; however, when one takes into consideration the fact that reliable evidence exists that directly addresses the points to which the testimony purports to address, its material nature diminishes. The rule also states that the statement at issue must be "more probative on the point for which it is offered that any other evidence which the proponent can procure through reasonable efforts." What evidence could be more "probative on the point" for determining the identity of a beneficiary than a beneficiary card signed by the declarant? Such evidence may be procured by the proponent through reasonable efforts and is arguably more reliable, more probative, and more trustworthy than hearsay declarations being offered by individuals with substantial pecuniary interests in the outcome of the case.

Finally, the proposed testimony must fulfill the interests of justice and notice. By allowing this testimony into evidence, justice will not be served, as it will in effect, circumvent the rule against hearsay, the purpose of which is the exclusion of unreliable testimony. Justice cannot be served by allowing into evidence statements allegedly made by Ceruti regarding his benefits to the very people who will testify that he was going to name them as beneficiaries.

### 5. Dead Man's Statute

Finally, the defendants/intervenors may attempt to argue that the statements of the deceased should be allowed into evidence pursuant to Connecticut's "Dead Man's Statute". The Federal Rules of Evidence do not include any reference to a Dead Man's Statute; however, there are certain instances wherein a federal court will apply a state's Dead Man's Statute. Pursuant to Federal

Rule of Evidence 601, state law determines what rules will apply in civil actions governed by state law. For example, under the Erie Doctrine, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78-79 (1938), state law supplies the rules in diversity-of-citizenship cases; thus, state Dead Man's Statutes would be applied in those cases. Rosenfeld v. Basquiat, 78 F.3d 84, 88 (2d Cir. 1996).

In this case, however, the court's jurisdiction is based on a federal question involving the interpretation and application of ERISA. Under these circumstances, state law does not apply to these federal claims[2], thus the Connecticut Dead Man's Statute[3] does not operate as an exception to the rule against hearsay and any statements made by Ceruti relevant to the matter at issue should not be received into evidence.

## II.   CONCLUSION

For the reasons stated above, NUSCO respectfully requests that this Court grant its

---

[2] Indeed, as stated above, any state law claims are preempted.

[3] Conn. Gen. Stat. § 52-172 (2003) states, "In actions by or against the representatives of deceased persons, and by or against the beneficiaries of any life or accident insurance policy insuring a person who is deceased at the time of the trial, the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence. In actions by or against the representatives of deceased persons, in which any trustee or receiver is an adverse party, the testimony of the deceased, relevant to the matter in issue, given at his examination, upon the application of such trustee or receiver, shall be received in evidence."

Motion in Limine and issue an order barring defendants/intervenors from introducing the testimony and/or opinion of several of their proposed witnesses.

Respectfully submitted,

DEFENDANT
NORTHEAST UTILITIES SERVICE
COMPANY

By: _____
Duncan Ross Mackay, Esq. (ct03370)
Assistant General Counsel
Northeast Utility Service Company
Legal Department
P.O. Box 270
Hartford, CT 06141
(860) 665-3495
mackadr@nu.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 29th day of June, 2004, first class, postage prepaid, to:

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT 06422

Kevin C. Shea, Esq.
William H. Clendenen, Jr., P.C.
400 Orange Street
P. O. Box 301
New Haven, CT 06502

_____
Duncan Ross Mackay