UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP<br>      Plaintiff,<br>  v.<br><br>NORTHEAST UTILITIES SYSTEM<br>COMPANY;<br><br>LIBERTY LIFE ASSURANCE COMPANY<br>OF BOSTON;<br><br>THE HARTFORD INSURANCE COMPANY<br>      Defendants,<br><br>RONALD F. CERUTI, ADMINISTRATOR<br>OF THE ESTATE OF GARY J. CERUTI,<br>AND RONALD F. CERUTI AND ROBIN<br>SIMCKAK, NEXT OF KIN OF GARY J.<br>CERUTI<br>      Defendants-Intervenors | :<br>:<br>:<br>:<br>:  CIV. NO. 3:01CV 1434 (CFD)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  AUGUST 16, 2004 |

**DEFENDANT-INTERVENORS' MEMORANDUM OF LAW
IN OPPOSITION TO MOTIONS IN LIMINE**

The plaintiff and defendant NUSCO have each filed motions in limine seeking to preclude the testimony of the defendant-intervenors, Ronald F. Ceruti and Robin Simckak, as well as the testimony of witnesses Michael Ciaski, David Chordas, Thomas Hepton and Susan and Dennis McAllister. The defendant-intervenors, Ronald F. Ceruti, Administrator of the Estate of Gary J.

Ceruti, and Ronald F. Ceruti and Robin Simckak, Next of Kin of Gary J. Ceruti submit respectfully this memorandum of law in opposition to those motions.

## INTRODUCTION

Although set forth in several competing claims and defenses asserted by the respective parties, this is a lawsuit that will determine the proper distribution of the employee retirement benefits and other assets—a 401k plan, life insurance policy and accidental death and dismemberment policy, collectively worth approximately one million dollars—of the decedent Gary J. Ceruti.

The defendant-intervenors, Ronald Ceruti and Robin Simckak, are, respectively, his brother and sister and next of kin. Ronald Ceruti is also the Administrator of Gary Ceruti's Estate. They are entitled to these benefits as a matter of law because Gary Ceruti removed the plaintiff, his ex-wife, as his beneficiary, and because she waived and agreed to relinquish forever her rights to these assets in their judgment of divorce, which contained her binding and enforceable agreement to do precisely that. The defendant NUSCO, the plan administrator, botched the processing of Gary Ceruti's change of beneficiary, and represented to him that he had done everything he needed to do in order to

remove his ex-wife as his beneficiary for these benefits. NUSCO also changed its plan policy such that the designation of beneficiary needed to be witnessed in order to be valid; the designation of beneficiary upon which the plaintiff attempts to rely is therefore invalid for the additional reason that it does not comply with NUSCO's own policy.

The central issues in this case, therefore, are Gary Ceruti's actions and intent with respect to his retirement benefits and insurance policies, and NUSCO's handling of his change of beneficiary for them.

Not surprisingly, the witnesses that the plaintiff and defendant seek to preclude are those most relevant to a proper resolution of these issues. Specifically, Ron Ceruti and Robin Simckak will testify about their brother's plans, actions, words and intent with respect to his designation of beneficiary; and Michael Ciaski, David Chordas, Thomas Hepton and Susan and Dennis McAllister will support these claims with testimony of essentially identical problems they each experienced with defendant NUSCO's processing of their respective changes in their designation of beneficiary (i.e., they, too, submitted changes just as Gary Ceruti did, only to later discover that NUSCO had failed to process or record properly these changes).

The testimony of these witnesses is clearly relevant to the central issues in this case, and the objections lodged by the by the plaintiff and defendant NUSCO are merely typical issues that, to the extent they are properly considered at all, go to the weight of this evidence, and not its admissibility—especially in this courtside trial.

## ARGUMENT

### I.  Legal Standard:  Relevance

The plaintiff's and defendant NUSCO's primary objection to the testimony of these witnesses is based on relevance.  Under the liberal provisions of the Federal Rules of Evidence, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401; <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 587, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469 (1993) (noting that this standard is "a liberal one"); <u>Stagl v. Delta Air Lines, Inc.</u>, 117 F.3d 76, 80 (2d Cir. 1997) (same).  Although Rule 401 gives judges great freedom to admit evidence, it "diminishes substantially their authority to exclude evidence as irrelevant."  <u>Spain v. Gallegos</u>, 26 F.3d 439, 452 (3d Cir.

1994); see also Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1518 (10th Cir. 1995).

The central issues in this case are Gary Ceruti's actions and intent with respect to his retirement benefits and insurance policies, and NUSCO's handling of his change of beneficiary for them. The plaintiff and defendant cannot colorably claim that the testimony of witnesses with first-hand knowledge of Gary Ceruti's actions and intent with respect to these retirement and insurance benefits, or of NUSCO's practices in this regard, should be precluded as irrelevant. Accordingly, the Court should be permitted to hear and weigh this relevant testimony, and the plaintiff's and defendant NUSCO's motions in limine should be denied.

**II.    Ronald Ceruti and Robin Simckak**

Apparently believing that the potential partiality of a witness can operate to bar his or her testimony as irrelevant, defendant NUSCO's objection to the proposed testimony of Gary Ceruti's brother and sister about his statements, actions and intentions in connection with the benefits at issue places heavy reliance on NUSCO's confused insistence that the defendant-intervenors'

alleged "substantial pecuniary interest in the outcome of this case" makes their testimony "inherently unreliable."

Although obvious, it bears noting that in this lawsuit, like most others, the witnesses for each party are likely to be partial to an outcome that is favorable to their respective parties. Ronald Ceruti and Robin Simckak, as the defendant-intervenors, are no different in this regard than the plaintiff and the witnesses proposed by defendant NUSCO. Far from operating as a bar to their testimony, it is axiomatic that the partiality of such witnesses is always relevant as affecting their credibility, and is merely one of the factors—like each of the other issues in plaintiff's and defendant NUSCO's motions—that goes to the *weight* that the Court gives the testimony. U.S. v. Turner, 198 F.3d 425, 429 n.2 (4th Cir. 1999).

Simply put, whatever interest the parties may have in the outcome of this case is an issue that goes to the weight of their testimony, and not its admissibility. The plaintiff's and defendant NUSCO's motions in limine should therefore be denied.

Besides relevance, the only other objection raised by the plaintiff and defendant NUSCO in connection with the testimony of Ronald Ceruti and Robin

Simckak is based on hearsay, to the extent that their testimony involves statements by Gary Ceruti about his actions and intent, as well as about the actions and statements of the plaintiff and defendant NUSCO's employees, in connection with his retirement benefits and insurance policies and his change of beneficiary for them. This objection is also misplaced, as the testimony about statements made by the decedent, Gary Ceruti, are clearly admissible under several well-established exceptions to the hearsay rules.

*First*, it bears emphasis at the outset that the defendant-intervenors have set forth many claims and defenses under state law—e.g., breach of contract, waiver, estoppel, misrepresentation, and enforcement of a binding state court judgment—that are not pre-empted by ERISA. The defendant-intervenors fully addressed the issue of ERISA pre-emption and demonstrated the validity and legal sufficiency of these claims and defenses in opposing the plaintiff's motion for summary judgment on this basis, which the Court denied to the plaintiff. Accordingly, there can be no serious dispute that Connecticut's "Dead Man's Statute," Conn. Gen. Stat. § 52-172, applies to admit testimony concerning statements made by Gary Ceruti about his actions and intent, as well as about the actions and statements of the plaintiff and defendant NUSCO's employees,

in connection with his benefits and insurance policies, and his change of beneficiary for them. See Dysart v. Remington Rand, Inc., 40 F. Supp. 596, 602 (D. Conn. 1941) (Clark, Circuit Judge, sitting as District Judge pursuant to statutory designation) (applying Connecticut's Dead Man's Statute to admit evidence of declarations by deceased regarding his contribution and rights to invention of patented device, in action for accounting and compensation for use of subject device).

The challenged declarations of Gary Ceruti concerning his employee benefits and assets—including the precise types of life and accident insurance policies expressly included within the purview of § 52-172—are clearly "relevant to the matter in issue," and that is all that is required for them to be admissible here. Conn. Gen. Stat. § 52-172; New Britain Nat. Bank v. Life Ins. Co. of Connecticut, 305 A.2d 296, 6 Conn. Cir. Ct. 674 (1972). There is no question that Gary Ceruti would be permitted to give this testimony himself if he was alive, or that this is an action "by or against representatives of deceased persons, and by or against the beneficiaries of any life or accident insurance policy insuring a person who is deceased[.]" Conn. Gen. Stat. § 52-172. Consistent with the Dead Man's Statute's purpose to create an "equal footing"

between living and dead parties, therefore, there is no reason to preclude testimony by others of his statements that would otherwise be admissible. See Pender v. Matranga, 58 Conn. App. 19 (2000). Admission of these declarations is also consistent with the intent that the statute be interpreted liberally in order that the deceased may speak, as it were, from the grave. Graybill v. Plant, 138 Conn. 397 (1951); see also Plisko v. Morgan, 148 Conn. 510 (1961); Walter v. Sperry, 86 Conn. 474 (1913); Rosales v. Lupien, 50 Conn. App. 405 (1998). Accordingly, the Dead Man's Statute applies to admit any relevant statements of Gary Ceruti as evidence of the facts stated, and it is for the Court, as the finder of fact, to determine the weight to be accorded this evidence. Joanis v. Engstrom, 135 Conn. 248 (1948).

*Second*, to the extent that the testimony of Ronald Ceruti or Robin Simckak involves Gary Ceruti's statements concerning his intent, plans and actions he intended to take, it is admissible for the additional reason that Fed.R.Evid. 803(3) permits such "state of mind" evidence as an exception to the hearsay rules. Defendant NUSCO contends that this exception does not apply, apparently claiming that the subject statements involve only remembered facts, and not his intentions or plans. The defendant-intervenors disagree with this

characterization of the subject testimony and submit that certain of the challenged statements are admissible under this exception as well. Precisely "[b]ecause disputes over whether particular statements come within the 'state of mind' exception are fact-sensitive, the trial court is in the best position to resolve them." Colasanto v. Life Ins. Co. of North America, 100 F.3d 203, 212 (1st Cir. 1996). This is especially true where, as here, the Court will also sit as the finder of fact and will be in the best position to decide the weight to be accorded the evidence. Accordingly, evidence of such declarations by Gary Ceruti is admissible under the state of mind exception of Rule 803(3), and the plaintiff's and defendant NUSCO's motions in limine should be denied.

*Third*, and finally, the testimony of Ronald Ceruti and Robin Simckak clearly exceeds the standards for admissibility required to satisfy the residual exception of Fed.R.Evid. 807: (1) It is sufficiently trustworthy for the Court to weigh in this bench trial; (2) it is clearly material to the determination of the proper beneficiary of Gary Ceruti's retirement and insurance plans—the central issue in this case; (3) it is more probative on the points for which it will be offered—including Gary Ceruti's plans, actions and intent, as well as the actions and statements by the plaintiff and defendant NUSCO that he

observed—than any other evidence that can be procured through reasonable efforts; (4) its admission will serve the interests of justice, perhaps best evidenced by the policies behind Connecticut's Dead Man's Statute; and (5) the defendant-intervenors have provided the plaintiff and defendant NUSCO more than fair notice and ample opportunity to prepare to meet this evidence. Fed.R.Evid. 807; Silverstein v. Chase, 260 F.3d 142, 149 (2d Cir. 2001).

As addressed above, defendant NUSCO's confused reliance on the defendant-intervenors' claimed interest in the outcome of this matter has no effect on the admissibility of their testimony. Rather, any such interest goes to the weight that the Court gives the evidence, just as with the testimony of any other parties. It is telling that neither the plaintiff nor NUSCO have cited any authority whatsoever for the misguided suggestion that this is a proper basis to exclude this testimony.

As the purposes behind Connecticut's Dead Man's Statute, *supra*, make clear, testimony regarding relevant statements made by Gary Ceruti should not be precluded, lest the deceased party (i.e., defendant-intervenors) be placed on unequal footing with the living plaintiff and defendants, which would necessarily result in unfair prejudice to the defendant-intervenors. See, e.g.,

Dysart v. Remington Rand, Inc., 40 F. Supp. 596, 602 (D. Conn. 1941); Plisko v. Morgan, 148 Conn. 510 (1961); Graybill v. Plant, 138 Conn. 397 (1951); Joanis v. Engstrom, 135 Conn. 248 (1948); Walter v. Sperry, 86 Conn. 474 (1913); Pender v. Matranga, 58 Conn. App. 19 (2000); Rosales v. Lupien, 50 Conn. App. 405 (1998).

As this authority demonstrates, Connecticut state and federal courts consider such evidence to have equivalent circumstantial guarantees of trustworthiness as the types of evidence admitted under other exceptions to the hearsay rules. There is no question that the Court has the discretion to admit this relevant evidence as demonstrated above, and that the Court is fully capable, as the finder of fact, of determining the weight it should be given in comparison to any other evidence on these issues. Accordingly, the plaintiff's and defendant NUSCO's motions in limine should be denied as to the testimony of the defendant-intervenors, Ronald Ceruti and Robin Simckak.

**III.   Michael Ciaski, David Chordas, Thomas Hepton, Susan and Dennis McAllister**

The plaintiff's and defendant NUSCO's sole objection to the testimony of these witnesses is based on relevance. Here again, the challenged evidence is

clearly relevant, and the issue claimed by the plaintiff and defendant NUSCO is merely argument about the weight that the Court should give this evidence, and is not properly related to admissibility.

The sole purpose of this lawsuit is the determination of the proper beneficiary to whom defendant NUSCO shall make distribution of Gary Ceruti's employee benefits and insurance policies at issue. Accordingly, the basis upon which defendant NUSCO makes payments from its ERISA plan, and NUSCO's administration of the plan "in accordance with the documents and instruments governing the plan," are among the central issues to be decided. See Egelhoff v. Egelhoff, 532 U.S. 141, 147 (2001); Ganton Technologies v. National Indus. Group Pension Plan, 76 F.3d 462, 466 (2d Cir. 1996); 29 U.S.C. § 1102(b)(4); 29 U.S.C. § 1104(a)(1)(D).

These witnesses—each of whom is or was an employee whose benefit plan, like Gary Ceruti's, was administered by defendant NUSCO—will support the defendant-intervenors' claims with testimony of essentially identical problems they each experienced with defendant NUSCO's processing of their respective changes in their designation of beneficiary—i.e., they, too, submitted beneficiary changes just as Gary Ceruti did, only to later discover that NUSCO

likewise botched these changes. As such, this testimony is essential to the credibility of the defendant-intervenors' claims, and to impeach the anticipated testimony of defendant NUSCO's witnesses with respect to the basis upon which defendant NUSCO makes payments from its ERISA plan, and NUSCO's administration of the plan "in accordance with the documents and instruments governing the plan." Egelhoff, 532 U.S. at 147; Ganton Technologies, 76 F.3d at 466; 29 U.S.C. § 1102(b)(4); 29 U.S.C. § 1104(a)(1)(D).

This evidence easily satisfies Rule 401's purposely liberal relevance threshold, which requires merely *any* tendency to make the existence of the facts material to the determination of the defendant-intervenors' claims more probable or less probable than they would be without the evidence. Fed.R.Evid. 401; Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 587, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469 (1993) (noting that this standard is "a liberal one"); Stagl v. Delta Air Lines, Inc., 117 F.3d 76, 80 (2d Cir. 1997) (same). Although Rule 401 gives judges great freedom to admit evidence, it "diminishes substantially their authority to exclude evidence as irrelevant." Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994); see also Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1518 (10th Cir. 1995).

Although the anticipated testimony of these witnesses easily overcomes the sole relevance objection lodged by the plaintiff and defendant NUSCO under Rule 401, the defendant-intervenors submit that it is admissible for the further reasons that:

(1) It is evidence of other acts by defendant NUSCO in order to contradict its position with respect to its manner of processing employees' changes of beneficiary, and to show the opportunity for the precise circumstances giving rise to NUSCO's identical botching of Gary Ceruti's change of beneficiary, and therefore admissible under Fed.R.Evid. 404(b);

(2) It is evidence of other specific instances of conduct by defendant NUSCO, as plan administrator, that the defendant-intervenors may use under Fed.R.Evid. 405(b) to establish the elements of their claims with respect to the basis upon which defendant NUSCO makes payments from its ERISA plan, and NUSCO's administration of the plan "in accordance with the documents and instruments governing the plan." Egelhoff, 532

          U.S. at 147; <u>Ganton Technologies</u>, 76 F.3d at 466; 29 U.S.C. § 1102(b)(4); 29 U.S.C. § 1104(a)(1)(D); and

(3)      It is evidence of the routine practice of defendant NUSCO as plan administrator, relevant to prove that it acted in conformity with this practice in botching Gary Ceruti's change of beneficiary in the exact same way, and therefore admissible under Fed.R.Evid. 406.

Accordingly, the testimony of witnesses Michael Ciaski, David Chordas, Thomas Hepton and Susan and Dennis McAllister should be admitted, and the plaintiff's and defendant NUSCO's motions in limine must be denied.

## CONCLUSION

The defendant-intervenors, Ronald F. Ceruti and Robin Simckak, and witnesses Michael Ciaski, David Chordas, Thomas Hepton and Susan and Dennis McAllister have first-hand knowledge either of Gary Ceruti's actions, plans and intent with respect to the employee retirement and insurance benefits at issue and his change of beneficiary for them, or of NUSCO's practices in this regard, respectively. As demonstrated above, the testimony of these witnesses is fully admissible, and the Court should be permitted to hear

them and weigh this clearly relevant evidence. Accordingly, the plaintiff's and defendant NUSCO's motions in limine must be denied.

DATED:    August 16, 2004

>RESPECTFULLY SUBMITTED,
>
>THE DEFENDANT-INTERVENORS, RONALD F. CERUTI, ADMINISTRATOR OF THE ESTATE OF GARY J. CERUTI, AND RONALD F. CERUTI AND ROBIN SIMCKAK, NEXT OF KIN OF GARY J. CERUTI
>
>By /s/ Kevin C. Shea
>Kevin C. Shea (#ct13781)
>Clendenen & Shea, LLC
>P.O. Box 301
>New Haven, Connecticut  06502
>Telephone:   (203) 787-1183
>Facsimile:    (203) 787-2847
>E-mail:        office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid to:

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT  06422

Duncan Ross Mackay, Esq.
Northeast Utility System
Legal Dept.
PO Box 270
Hartford, CT  06141

on the 16th day of August 2004.

_____
CLENDENEN & SHEA, LLC