FILED

2004 SEP -9 A 9: 56

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP<br>Plaintiff | :<br>: CIVIL ACTION NO.<br>: 3:01CV 1434 (CFD) |
| VS. | : |
| NORTHEAST UTILITIES SERVICE<br>COMPANY, ET AL<br>Defendants | : |
| RONALD F. CERUTI, Administrator of<br>the Estate of Gary J. Ceruti, et al<br>Defendants-Intervenors | :<br>: SEPTEMBER 8, 2004 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING THE TESTIMONY OF ELIZABETH MCMAHON (EXPERT WITNESS), WITNESSS FROM EMPLOYER AND PLAN, RONALD CERUTI, ROBIN SIMCKAK, MICHAEL CIASKI, DAVID CHORDAS, THOMAS HEPTON, SUSAN MCALISTER, DENNIS MCALISTER**

The plaintiff puts this supplemental argument in one brief because all the testimony of these witnesses relate to the meaning of documents. Namely, the intent of the divorce agreements and the intent of employer documents.

It is true that in an ERISA plan, there is a "clear mandate that Plan administrators follow Plan documents to determine the designated beneficiary." Metropolitan Life Insurance Co. v. Gibbs 89 F Sup. 2d 877, 881 (Mich. 2000) citing McMillan v. Parrott 913 F2d 310, 312 (6th Cir. 1990); and Boggs v. Boggs 520 U.S. 833, 138 L.Ed 2d 45 (1997).

The plan here states "if you do not file a beneficiary form, your Plan beneficiary will be the same as your beneficiary under your employee life insurance coverage." (Pl. Ex. E)

The Liberty Life Insurance policy states "a covered employee may change his beneficiary at any time by written request. The sponsor [Northeast Utilities] will provide a form for that

purpose." (Pl. Ex. D)

The Hartford accidental death policy provides as follows: "you may name a beneficiary or change a revocably named beneficiary by giving your written request to the policy holder [Northeast Utilities]. Your request takes effect on the date you execute it...".

The purpose of the testimony of Attorney Elizabeth McMahon is to show the custom and practice in the field of divorce law regarding the meaning of language in divorce judgments. "Parties may offer evidence of custom and practice to interpret the meaning of a term used in a contract." Travelers Indemnity Co. v. Score Reinsurance 62 F3d 74, 79 (2d Cir. 1995) citing Gelb v. Automobile Insurance Co. 168 F2d 774, 775 (2d Cir. 1948).

She will testify that the divorce decree contains general language regarding the rights between Shirley Bishop Ceruti and Gary Ceruti at the time of their divorce. It seems to be agreed between the parties that all of the benefits in questions (the retirement benefits and the insurance policies) are employee benefits governed under ERISA. Although no Second Circuit case directly on point can be found, numerous other jurisdictions have held that for a divorce decree to waive a right to the death benefit of either a pension or an insurance policy, that waiver must use specific language and must be explicit, voluntary and made in good faith. Manning v. Hayes 212 F3d 866, 871 (5th Cir. 2000); Brandon v. Travelers Insurance Co. 18 F3d 1321 (5th Cir. 1994); Hughes v. Scholl 900 S.W. 2d 606 (Ky. 1995); Ohran v. Sierra Health and Life Insurance Co. 111 Nev. 688, 895 P2d 1321 (Nev. 1995); Ward v. Phoenix Mutual Life Insurance Co. 201 Ga. App. 307, 410 S.E. 2d 795 (Ga. App. 1991); Life Insurance Co. of North America v. Jackson 475 A2d 1150 (Me. 1984); Mcmillan v. Parrott 913 F2d 310 (6th Cir. 1990); Lyman Lumber Co. v. Hill 877 F2d 692 (8th Cir. 1989); Metro Life Insurance Co. v. Buechler 2001 U.S. App. Lexis 21390; Trustees of Iron Workers v. O'Brien 937 F Supp. 346 (1996); Iron Workers v. Stoll 771 F. Supp.

781 (1991); Kuhn v. Metro Life Insurance Co. 110 F. Supp. 2d 589 (1999); O'Neil v. O'Neil 136 F Supp. 2d 690 (2001); Transamerica Occidental Life Ins. Co. v. Fisher 1999 U. S. Dist. Lexis 11191; 70 A.L.R. 3d 348, 351 (1976) annot.

The testimony of the employer's Human Resources department or the Plan Administrators are relevant to the customs and practices of dealing with employees on matter of employer benefits. They also will introduce relevant documents as business records. Namely, Plaintiff's exhibits A, C, D, E, F, G, H, and I. These plan documents and other employer documents show a choice of death beneficiary has been made.

Gary Ceruti would not be able to testify to the facts that the Intervenor seeks to introduce. Namely, the Intervenor seeks to alter the meanings of both the divorce agreement and alter the meanings of the documents used by the benefits department of the employer. Travelers Indemnity Co. v. Scor Reinsurance Co. 62 F3d 74 (2d Cir. 1995); Christensen v. Bic Corp. 18 Conn. App. 451, 558 A2d 273, 277 (1989). This testimony is irrelevant.

Also, the Defendant-Intervenors' arguments can be summed up with the reply that his arguments are based upon a faulty premise: The death benefit from a retirement plan is not "retirement benefits". Term life insurance is not an "asset."

Before a contract can be "explained" or before the issue of "intent" becomes relevant, the contract must be ambiguous. Travelers Indemnity Co. supra at 79. This means the contract of the divorce agreement and the contract surrounding the employee benefits can be read by the Court. If the Court finds it as a factual basis that the meaning of these contracts are clear then there is no ambiguity and no need to "explain".

Any act of the plaintiff to comply with a change of beneficiary is determined by the plan and the employer's rules. The employer will testify as to what was done. In this regard no act was

done by Gary Ceruti sufficient to show an intent to change his beneficiary. Therefore, there is no foundation to make this claim and the testimony of these witnesses is irrelevant just as the testimony of Ceruti himself would be irrelevant.

One claim of the Intervenor, that the employer instituted a new death beneficiary form which legally makes the old form invalid, makes no sense. It makes no sense from the insured's (employee) point of view or the employers' point of view. This would mean that an employer could change a contract and void the beneficiary choice without approval of the insured. The insured who had designated a beneficiary could have the terms of his agreement changed unilaterally by the employer.

The Defendant-Intervenor seems to be saying that what Mr. Ceruti stated to his siblings as to what his intent was or what happened to other employees is somehow relevant to whether they acted "in accordance with the documents and instruments governing the plan." Egelhoff v. Egelhoff 532 U.S. 141, 144 (2000). Whether Ceruti acted in conformance with the Plan is determined by documents he sent to the employer. This is determined by the employer or the Plan administrator testifying as to what he did. If the Plan states what was necessary to change a beneficiary and Ceruti did not do that, then whatever he thought he did is not relevant. Ceruti himself would not be allowed to testify as to his intent or what he thought he did when that is not what he did.

THE PLAINTIFF

BY _____
Bruce A. Chaplin
208 Main Street
Durham CT 06422
860/349-0528
Fed Bar ct05675

## CERTIFICATION

This is to hereby certify that a copy of the foregoing was mailed, postage prepaid on this the  day of September 2004 to:

Duncan Ross MacKay, Esq.
Angela Louise Ruggiero, Esq.
Northeast Utilities System Co
Legal Dept
PO Box 270
Hartford CT 06141-0270

Kevin C. Shea, Esq.
Clendenen & Shea, LLC
400 Orange Street
PO Box 301
New Haven CT 06502

Bruce A. Chaplin