UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP<br>Plaintiff, | :<br>:<br>: |
| v. | :<br>:<br>: |
| NORTHEAST UTILITIES SYSTEM<br>COMPANY;<br>Defendants, | : CIV. NO. 3:01CV 1434 (CFD)<br>:<br>:<br>: |
| RONALD F. CERUTI, ADMINISTRATOR<br>OF THE ESTATE OF GARY J. CERUTI,<br>AND RONALD F. CERUTI AND ROBIN<br>SIMCKAK, NEXT OF KIN OF GARY J.<br>CERUTI<br>Defendants-Intervenors | :<br>:<br>:<br>:<br>:<br>: MARCH 3, 2005 |

**DEFENDANT-INTERVENORS' REPLY TO
PLAINTIFF'S OBJECTION TO JURY TRIAL**

The defendant-intervenors, Ronald F. Ceruti, Administrator of the Estate of Gary J. Ceruti, and Ronald F. Ceruti and Robin Simckak, Next of Kin of Gary J. Ceruti, hereby respectfully oppose and reply to plaintiff's Objection to Jury Trial, dated February 10, 2005 and filed on February 14, 2005.

The sole basis for plaintiff's Objection is her misguided assertion that "[a]ll of the issues in the case revolve around ERISA." This is not true. The

plaintiff ignores the fact that the Defendant-Intervenors have raised separate state law counter-claims and cross-claims, including breach of contract by the plaintiff, breach of fiduciary duty by the defendants, and tort claims for misrepresentations made by both the plaintiff and defendant. The Defendant-Intervenors are entitled to a jury trial on these claims. This is particularly true given that, in denying summary judgment, the Court agreed with the Defendant-Intervenors that there are genuine issues of material fact concerning, *inter alia*: (1) whether the original designation of beneficiary form designating Shirley Ceruti as Gary Ceruti's beneficiary is effective; (2) whether those rights were contingent on her being Gary Ceruti's wife and bearing her name at the time of death; (3) whether the judgment and terms of the divorce agreement constitute a valid waiver of interest; (4) whether the executed Change in Family Status form served as a beneficiary designation; and (5) Gary Ceruti's intent relating to these matters. Ruling on Motion for Summary Judgment dated March 24, 2004 (Droney, J.) at 2.

Thus, the Defendant-Intervenors' claims are not, as plaintiff urges, pre-

empted by ERISA. Rather, preemption does not occur if the state law has only a "tenuous, remote, or peripheral" connection with covered plans. 29 U.S.C. §1144(a) (ERISA); See, e.g., American Airlines v. Wolens, 513 U.S. 219, 224 (1995) (citing Morales v. Trans World Airlines, 504 U.S. 374, 390 (1992)). And courts have held in some cases that breach of contract cases are not preempted by ERISA. See, e.g., Thrift Drug v. Universal Prescription Adm'rs, 131 F.3d 95, 98 (2d Cir. 1997).

The Defendant-Intervenors are entitled to a jury trial on their counter-claims and cross-claims. Accordingly, the plaintiff's Objection to Jury Trial should be overruled.

RESPECTFULLY SUBMITTED,
THE DEFENDANT-INTERVENORS

By_____
Kevin C. Shea (#ct13781)
Clendenen & Shea, LLC
P.O. Box 301
New Haven, Connecticut 06502
Telephone:  (203) 787-1183
Facsimile:  (203) 787-2847
E-mail:     office@clenlaw.com

3

CERTIFICATION:

       This is to certify that a copy of the foregoing was mailed postage prepaid to:

       Bruce A. Chaplin, Esq.
       208 Main Street
       Durham, CT  06422

       Duncan Ross Mackay, Esq.
       Northeast Utility System
       Legal Dept.
       PO Box 270
       Hartford, CT  06141

on the 3rd day of March 2005.

_____
CLENDENEN & SHEA, LLC