UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP<br>Plaintiff, | :<br>:<br>: |
| v. | :<br>:<br>: |
| NORTHEAST UTILITIES SYSTEM<br>COMPANY;<br>Defendants, | : CIV. NO. 3:01CV 1434 (CFD)<br>:<br>:<br>: |
| RONALD F. CERUTI, ADMINISTRATOR<br>OF THE ESTATE OF GARY J. CERUTI,<br>AND RONALD F. CERUTI AND ROBIN<br>SIMCKAK, NEXT OF KIN OF GARY J.<br>CERUTI<br>Defendants-Intervenors | :<br>:<br>:<br>:<br>:<br>: MARCH 21, 2005 |

**DEFENDANT-INTERVENORS' OBJECTION TO MOTION TO COMPEL**

The defendant-intervenors, Ronald F. Ceruti, Administrator of the Estate of Gary J. Ceruti, and Ronald F. Ceruti and Robin Simckak, Next of Kin of Gary J. Ceruti, hereby object to the plaintiff's Motion to Compel dated February 25, 2005. In her Motion, the plaintiff seeks to compel the Defendant-Intervenors to produce all deposition transcripts from the matter <u>Ronald F. Ceruti, Administrator of the Estate of Gary Ceruti v. Connecticut Light & Power, et al.</u>, X01-CV-03-0181995S (CLD). The Motion should be denied for several reasons.

*First*, the plaintiff never served discovery requests to which these deposition transcripts would be responsive, and she does not contend otherwise. In the absence to any outstanding discovery request or other order, there is no basis whatsoever for the plaintiff's Motion, and it should be denied.

*Second*, discovery has long since closed in the instant case. Plaintiff's Motion is merely a belated attempt to obtain discovery after the deadline has passed. Accordingly, the Motion should be denied.

*Third*, the Motion should be denied because the plaintiff has not even made a threshold showing that her belated request is reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's Motion is based on the mistaken assertion that the referenced matter includes claims of "unfair or deceptive trade practices by the same defendant Northeast Utilities regarding it's [sic] relationship with Gary Ceruti." Motion at 1. This is not true, and the plaintiff's Motion should be denied.[1]

---

[1] Indeed, in a remarkable lack of candor and consistency, the plaintiff has simultaneously filed a motion for protective order (copy attached) in the referenced wrongful death action, and in that motion she makes the *opposite* argument, i.e., she argues therein that the claims in the wrongful death case are irrelevant to the claims in the instant action.

2

The referenced action is a wrongful death action brought against the defendant-employers under the "substantial certainty" exception to the exclusivity of the workers' compensation act, as articulated by the Connecticut Supreme Court in <u>Suarez v Dickmont Plastics Corporation</u>, 229 Conn. 99 (1994) ("<u>Suarez I</u>"), and 242 Conn. 255 (1997) ("<u>Suarez II</u>"). Under this exception, "an individual may bring an action for damages against his employer for injuries sustained at work where such injuries were caused by work conditions intentionally created by the employer which made the injuries substantially certain to occur." <u>Suarez I</u>, 229 Conn. at 105 (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Ramos v. Town of Branford</u>, 63 Conn. App. 671, 675 n.7 (2001) ("That cause of action is available in addition to the remedies provided by the act.").

Accordingly, the referenced wrongful death action does not involve the retirement and employment benefits and assets of Gary Ceruti that are at issue in the instant action. Although the Estate of Gary Ceruti originally brought a claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.

3

Stat. §§ 42-110b et seq. in the referenced action, that claim did not involve the retirement and employment benefits and assets of Gary Ceruti that are at issue in the instant action either. In any event, the plaintiff has also failed to inform the Court that the CUTPA claim, on which her Motion relies, was stricken by the court (Sheedy, J) on January 7, 2004, well before the start of deposition discovery, and the depositions did not involve the CUTPA claims at all.

The plaintiff has made no showing whatsoever that any of the referenced depositions—of which there have been approximately 17 taken thus far—in the wrongful death action are relevant to the instant matter, and the plaintiff has failed even to identify any discovery request in the instant action to which the deposition transcripts would be responsive. As such, the plaintiff cannot even establish any basis for a motion to compel, much less show that her belated request for this irrelevant material is reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, there is no basis for the plaintiff's Motion to Compel, and the Court should deny the same and sustain this Objection.

RESPECTFULLY SUBMITTED,
THE DEFENDANT-INTERVENORS

By _____
Kevin C. Shea (#ct13781)
Clendenen & Shea, LLC
P.O. Box 301
New Haven, Connecticut  06502
Telephone:  (203) 787-1183
Facsimile:  (203) 787-2847
E-mail:      office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid to:

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT  06422

Duncan Ross Mackay, Esq.
Northeast Utility System
Legal Dept.
PO Box 270
Hartford, CT  06141

on the 21st day of March 2005.

_____
CLENDENEN & SHEA, LLC

6

| | |
|---|---|
| NO. X01-CV-03-0181995-S (CLD) | SUPERIOR COURT |
| RONALD F. CERUTI, ADMINISTRATOR OF THE ESTATE OF GARY J. CERUTI | COMPLEX LITIGATION DOCKET |
| VS. | |
| | AT WATERBURY |
| CONNECTICUT POWER & LIGHT COMPANY, ET AL. | March 16, 2005 |

## MOTION FOR PROTECTIVE ORDER

A subpoena has been issued for the deposition of Shirley Bishop. Her attorney files a limited appearance to argue this motion for protective order.

The issue in this matter, briefly is whether the employer is negligent in allowing the transmission lines to remain charged while the Plaintiff Gary Ceruti was working on those lines and any damages that may result from his death.

The witness Shirley Bishop presently has a lawsuit against the Estate of Gary Ceruti. The issue in that lawsuit is whether the Plaintiff is entitled to insurance benefits and 401k benefits and whether Mr. Ceruti properly designated her as the beneficiary of those benefits.

Shirley Bishop was in the past married to Gary Ceruti and was divorced from him approximately 10 years ago.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

WHEREFORE, the witness, Shirley Bishop, seeks a protective order preventing the Defendants in this matter from asking irrelevant questions. The witness seeks a protective order that the parties in this matter may only ask questions, " material to the subject matter involved. " <u>Virtinius B. Lougee v. Jeannie B. Grinnell</u>, 216Conn 483,489(1990).

*[signature]*

**ORDER**

The foregoing Motion having been heard, it is hereby

ORDERED:

                                    **GRANTED////DENIED**

                                    BY THE COURT

                                    _____

                                    Judge/// Clerk

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage pre-paid on the _18_ day of March 2005 to:

Maureen Danehy Cox
Carmody & Torrance LLP
P.O. Box 1110
Waterbury, CT 06721-1110

Kevin Shea
Clendenen & Shea LLC
P.O. Box 301
New Haven, CT 06502

                                    _____
                                    Bruce A. Chaplin