UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHIRLEY BISHOP,<br>　　　　Plaintiff, | :<br>: CIVIL ACTION NO.:<br>: 3: 01CV 1434 (CFD) |
| v. | : |
| NORTHEAST UTILITIES SERVICE<br>COMPANY, ET AL.,<br>　　　　Defendants, | :<br>:<br>: |
| RONALD F. CERUTI, ADMINISTRATOR of<br>the ESTATE of GARY J. CERUTI, ET AL,<br>　　　　Defendants/Intervenors. | :<br>:<br>: March 23, 2005 |

OBJECTION OF
NORTHEAST UTILITIES SERVICE COMPANY
TO DEFENDANTS'/INTERVENORS' NOTICE OF ELECTION

I.   INTRODUCTION

Northeast Utilities Service Company ("NUSCO") hereby respectfully submits this objection to Defendants'/Intervenors' March 17, 2005 Notice of Election of a jury trial of its counterclaims and cross-claims in this matter.

II.   BACKGROUND

This case involves disputed and competing claims by the plaintiff, the former spouse of Gary J. Ceruti, and the defendants/intervenors, the administrator of Ceruti's estate and next of kin, over entitlement to various benefits under several ERISA qualified employee benefit plans sponsored by NUSCO in which Ceruti was a participant. Specifically, plaintiff and defendants/intervenors each claim to be Ceruti's lawful beneficiary under and entitled to the benefits/proceeds of a 401K plan, group life insurance policy, and accidental death and dismemberment policy.

Defendants/Intervenors in their cross-complaint against NUSCO assert four claims sounding

under ERISA. In Count Five of its January 21, 2002 Amended Answer, including Counterclaims and Cross-Claims, Defendants/Intervenors assert that NUSCO violated its duties under ERISA and breached its fiduciary duties to Ceruti. In Count Six, they claim that NUSCO made certain false and untrue statements and representations to Ceruti in connection with his employee benefits and designation of beneficiary. Count Seven contains allegations that NUSCO negligently misstated and/or misrepresented material facts about Ceruti's employee benefits and the manner in which he should change the designation of beneficiary. In Count Eight, Defendants/Intervenors assert that NUSCO (along with Liberty Life and Hartford Life Insurance Company) failed to pay Ceruti's estate the proceeds of the 401k plan and insurance policies.

In their May 25, 2004 Trial Memorandum to this court, the Defendants/Intervenors stated that this was a non-jury trial to the court. At no time prior to the subject Notice of Election, have Defendants/Intervenors (or any other party) claimed this case to a jury.

## III.   DISCUSSION

NUSCO submits that, for the reasons that follow, Defendants/Intervenors are not entitled to a trial by jury with respect to any of the cross-claims against NUSCO.

### A.   Defendants'/Intervenors' Notice of Election is Untimely

Rule 38(b) of the Federal Rules of Civil Procedure requires any party demanding a trial by jury to serve on the other parties a demand therefore in writing no later than ten (10) days after the service of the last pleading directed to such issue. The pleadings in this matter with respect to which the Defendants/Intervenors now seek a jury trial have been closed since February 5, 2003, when NUSCO filed its Answer to Defendants'/Intervenors' Cross-Claims. Rule 38(d) goes on to provide that a party's failure to serve a demand in accordance with Rule 38(b) waives its right to a trial by jury. Accordingly, for these reasons, Defendants/Intervenors

2

Notice of Election is untimely and they have waived their right to a trial by jury of any claims in this case.

### B. Defendants'/Intervenors' Cross-Claims against NUSCO Cannot as a Matter of Law be Tried to a Jury

Finally, as the Second Circuit made clear in Sullivan v. LTV, 82 F.3d 1251 (2d Cir. 1996), "there is no right to a jury trial in a suit to recover ERISA benefits. . . ." *Id.* at 1258. *See also* Mullins v. Pfizer, Inc., 147 F. Supp. 2d 95, 97 (D. Conn. 2001). Here it is less than clear whether Defendants'/Intervenors' cross-claims in counts six, seven and eight against NUSCO are brought under ERISA. Regardless of the answer to that question, though, the result is the same; namely, the Defendants'/Intervenors' cross-claims are not subject to trial to a jury.

First, to the extent these claims are brought under ERISA and seek recovery of ERISA benefits (namely, proceeds from the various qualified ERISA employee benefit plans), the Defendants'/Intervenors' cross-claims are not subject to trial to a jury pursuant to Sullivan and Mullins, *infra*. However, to the extent that these claims are *not* brought under ERISA, they fall immediately out of the case as they are preempted by ERISA.

The clear gravamen of defendants/intervenors' cross-claims is that NUSCO improperly administered the 401k plan. Such claims fall squarely within the recognized rule that "when a cause of action under state law is "premised on" the existence of an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists, ERISA preemption will apply." Griggs v. E.I. Dupont de Nemours & Co., 237 F.3d 371, 378 (4th Cir. 2001) (*quoting* Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990)); *see also* Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480 (4th Cir. 1996) (noting that state common-law tort and contract actions that are "based on alleged improper processing of a claim for benefits under an employee benefit plan are preempted by

3

ERISA"); Information Systems & Networks Corp. v. Principal Life Insurance Co., 2004 U.S. App. LEXIS 11226 (4th Cir. June 8, 2004).

## IV. CONCLUSION

For any or all of the foregoing reasons, the Defendants'/Intervenors' Notice of Election should be rejected and this case should be tried to the court.

          Respectfully submitted,

          DEFENDANT
          NORTHEAST UTILITIES SERVICE
          COMPANY

By: _____
          Duncan Ross Mackay, Esq. (ct03370)
          Assistant General Counsel
          Northeast Utility Service Company
          Legal Department
          P.O. Box 270
          Hartford, CT 06141
          (860) 665-3495
          mackadr@nu.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed and sent by facsimile copy on this 23rd day of March 2005, first class, postage prepaid, to:

Bruce A. Chaplin, Esq.
208 Main Street
Durham, CT 06422

Kevin C. Shea, Esq.
William H. Clendenen, Jr., P.C.
400 Orange Street
P. O. Box 301
New Haven, CT 06502

_____
Duncan Ross Mackay